## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:10-CV-00572 |
| | § | |
| STARBUCKS CORP., et al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT MOE'S FRANCHISOR LLC'S ANSWER AND COUNTERCLAIMS

## ANSWER

Defendant Moe's Franchisor LLC ( "Moe's Franchisor") responds to the Complaint for Patent Infringement ("Complaint") of Plaintiff Geotag, Inc. ("Geotag") as follows:

## FAILURE TO STATE A CLAIM

Geotag has failed to state a claim upon which relief could be granted.

## RESPONSES TO ALLEGATIONS IN COMPLAINT

1.      Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies those allegations.

2.      Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies those allegations.

3.      Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies those allegations.

4.      Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies those allegations.

5.      Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies those allegations.

6.      Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies those allegations.

7.      Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies those allegations.

8.      Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore denies those allegations.

9.      Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies those allegations.

10.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies those allegations.

11.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies those allegations.

12.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies those allegations.

13.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies those allegations.

14.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies those allegations.

15.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies those allegations.

16.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies those allegations.

17.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies those allegations.

18.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies those allegations.

19.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies those allegations.

20.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies those allegations.

21.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies those allegations.

22.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies those allegations.

23.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies those allegations.

24.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies those allegations.

25.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies those allegations.

26.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies those allegations.

27.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore denies those allegations.

28.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies those allegations.

29.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies those allegations.

30.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies those allegations.

31.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies those allegations.

32.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies those allegations.

33.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies those allegations.

34.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies those allegations.

35.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies those allegations.

36.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies those allegations.

37.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore denies those allegations.

38.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies those allegations.

39.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies those allegations.

40.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies those allegations.

41.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies those allegations.

42.     Moe's Franchisor admits that it has a place of business in Atlanta, Georgia.

43.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies those allegations.

44.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies those allegations.

45.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies those allegations.

46.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies those allegations.

47.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore denies those allegations.

48.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore denies those allegations.

49.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore denies those allegations.

50.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore denies those allegations.

51.     Moe's Franchisor denies the allegations in Paragraph 51 of the Complaint as they relate to Moe's Franchisor.  Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint as they relate to other Defendants and therefore denies those allegations.

52.     Moe's Franchisor denies the allegations in Paragraph 52 of the Complaint as they relate to Moe's Franchisor.  Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint as they relate to the other Defendants and therefore denies those allegations.

53.     Moe's Franchisor denies the allegations in Paragraph 53 of the Complaint as they relate to Moe's Franchisor.  Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint as they relate to the other Defendants and therefore denies those allegations.

54.     Moe's Franchisor admits that the '474 Patent attached to the Complaint as Exhibit A is entitled "Internet Organizer for Accessing Geographically and Topically Based Information."  Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the Complaint and therefore denies those allegations.

55.     Moe's Franchisor denies the allegations in Paragraph 55 of the Complaint.

56.     Moe's Franchisor denies the allegations in Paragraph 56 of the Complaint.

57.     Moe's Franchisor denies the allegations in Paragraph 57 of the Complaint as they relate to Moe's Franchisor.  Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint as they relate to other Defendants and therefore denies those allegations.

58.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and therefore denies those allegations.

59.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies those allegations.

60.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore denies those allegations.

61.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and therefore denies those allegations.

62.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and therefore denies those allegations.

63.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore denies those allegations.

64.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore denies those allegations.

65.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore denies those allegations.

66.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and therefore denies those allegations.

67.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and therefore denies those allegations.

68.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and therefore denies those allegations.

69.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore denies those allegations.

70.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and therefore denies those allegations.

71.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and therefore denies those allegations.

72.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and therefore denies those allegations.

73.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and therefore denies those allegations.

74.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and therefore denies those allegations.

75.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore denies those allegations.

76.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and therefore denies those allegations.

77.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and therefore denies those allegations.

78.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and therefore denies those allegations.

79.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and therefore denies those allegations.

80.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and therefore denies those allegations.

81.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and therefore denies those allegations.

82.     Moe's Franchisor denies the allegations in Paragraph 82 of the Complaint as they relate to Moe's Franchisor.  Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint as they relate to other Defendants and therefore denies those allegations.

83.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint and therefore denies those allegations.

84.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and therefore denies those allegations.

85.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and therefore denies those allegations.

86.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint and therefore denies those allegations.

87.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint and therefore denies those allegations.

88.     Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and therefore denies those allegations.

89.     Moe's Franchisor denies the allegations in Paragraph 89 of the Complaint as they relate to Moe's Franchisor.  Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint as they relate to other Defendants and therefore denies those allegations.

90.     Moe's Franchisor denies the allegations in Paragraph 90 of the Complaint as they relate to Moe's Franchisor.  Moe's Franchisor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint as they relate to other Defendants and therefore denies those allegations.

Prayer for Relief:  The Prayer for Relief requires no response.  To the extent that any response is required, Moe's Franchisor denies that the Plaintiff should be granted any of the relief it requests.

## AFFIRMATIVE DEFENSES

Moe's Franchisor asserts the following affirmative defenses to Plaintiff's claims for patent infringement.  The assertion of an affirmative defense is not a concession that Moe's Franchisor has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE

Moe's Franchisor has not infringed and does not infringe the '474 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

On information and belief, the '474 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims for damages for infringement of the '474 Patent are limited by the doctrines of laches, waiver and equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims for damages for infringement of the '474 Patent are limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

## FIFTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims for injunctive relief is barred by the doctrines of laches, waiver, equitable estoppel, and unclean hands.

For all of the above reasons, Moe's Franchisor prays that Plaintiff take nothing by its Complaint and that Moe's Franchisor be awarded such other and further relief to which it may be justly entitled.

## COUNTERCLAIMS

Moe's Franchisor brings the following counterclaims against Geotag:

## JURISDICTION AND VENUE

1.      This is an action for declaratory relief.  This Court has jurisdiction over the counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

2.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

## PARTIES

3.       Moe's Franchisor is a limited liability company.  Its principal place of business is located in Atlanta, Georgia.

4.       On information and belief, Geotag is a corporation with a principal place of business in Plano, Texas.  Geotag has submitted itself to the personal jurisdiction of this Court by filing an action for infringement of the '474 patent here and has conceded that venue is proper here for the resolution of claims such as Moe's Franchisor's counterclaims.

## FIRST COUNTERCLAIM

5.       Moe's Franchisor repeats and realleges each and every allegation contained in Paragraphs 1-4 of the Counterclaims as if fully set forth herein.

6.       Geotag alleges ownership of the '474 Patent entitled "Internet Organizer for Accessing Geographically and Topically Based Information," and it has brought suit against Moe's Franchisor alleging infringement of the '474 Patent.

7.       Moe's Franchisor has not and does not infringe the '474 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

8.       An actual case or controversy exists between Moe's Franchisor and Geotag based on Geotag having filed a Complaint against Moe's Franchisor alleging infringement of the '474 Patent.

9.       Moe's Franchisor has been injured and damaged by Geotag having filed a Complaint asserting a patent that is not infringed by Moe's Franchisor.

10.      Declaratory relief is both appropriate and necessary to establish that Moe's Franchisor does not infringe the '474 Patent.

## SECOND COUNTERCLAIM

11.     Moe's Franchisor repeats and realleges each and every allegation contained in Paragraphs 1-4 of the Counterclaims as if fully set forth herein.

12.     Geotag alleges ownership of the '474 Patent, and it has brought suit against Moe's Franchisor alleging infringement of the '474 Patent.

13.     Geotag alleges ownership of the '474 Patent, and it has brought suit against Moe's Franchisor alleging infringement of the '474 Patent.

14.     Moe's Franchisor alleges on information and belief that one or more claims of the '474 Patent are invalid and/or unenforceable for failing to comply with one or more provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

15.     An actual case or controversy exists between Moe's Franchisor and Geotag based on Geotag having filed a Complaint against Moe's Franchisor alleging infringement of the '474 Patent.

16.     Moe's Franchisor has been injured and damaged by Geotag having filed a Complaint asserting patent infringement against Moe's Franchisor based on a patent that is invalid.

17.     Declaratory relief is both appropriate and necessary to establish that the '474 Patent is invalid and/or unenforceable, and thus cannot be asserted against Moe's Franchisor.

Dated:  March 11, 2011                    Respectfully submitted,


                                          */s/ Robert W. Kantner*
                                          Robert W. Kantner
                                          State Bar No. 11093900
                                          Attorney in Charge
                                          DLA Piper US LLP
                                          1717 Main Street, Suite 4600
                                          Dallas, Texas  75201-4629
                                          Phone: 214.743.4544
                                          Fax: 972.813.6256
                                          E-mail: Robert.Kantner@dlapiper.com

                                          **ATTORNEY FOR DEFENDANT
                                          MOE'S FRANCHISOR LLC**


## CERTIFICATE OF SERVICE

        I hereby certify that on this the 11th day of March, 2011, a true and correct copy of the

foregoing document was served upon all counsel of record who are deemed to have consented to

electronic service via the Court's CM/ECF System per Local Rule CV-5(a)(3).   Any other

counsel of record will be served by first class mail.


                                          */s/ Robert W. Kantner*
                                          Robert W. Kantner