**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG, INC.** <br><br> Plaintiff, <br><br> v. <br><br> **STARBUCKS CORP., ET AL.** <br><br> Defendant. | Case No. 2:10-CV-00572-TJW |

# DEFENDANT DOMINO'S PIZZA, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT



Domino's Pizza, Inc. ("Domino's") submits its Answer, Affirmative Defenses and Counterclaims to Geotag, Inc.'s ("Geotag") Original Complaint, and states as follows:

1-24. Domino's is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 1-24 and therefore denies the same.

25. Domino's admits that it has a place of business in Ann Arbor, Michigan.

26-50. Domino's is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 26-50 and therefore denies the same.

51. Domino's admits that Geotag alleges a civil action under the patent laws of the United States, Title 35 of the United States Code. Domino's admits that this Court has subject matter jurisdiction over Geotag's claims for patent infringement. To the extent the allegations in paragraph 51 relate to Domino's, Domino's admits that the Court has personal jurisdiction over Domino's. To the extent the allegations in paragraph 51 relate to other Defendants in this case, Domino's is without sufficient information or knowledge to either admit or deny the allegations and therefore denies the same. Domino's denies all other allegations contained in paragraph 51 of Geotag's Complaint.

52. To the extent the allegations in paragraph 52 relate to Domino's, Domino's admits that venue is proper in this Court, but Domino's denies that this judicial district is the most convenient forum for this case. Domino's denies all other allegations in this paragraph to the extent such allegations relate to Domino's. To the extent the allegations in paragraph 52 relate to other Defendants in this case, Domino's is without sufficient information or knowledge to either admit or deny the allegations and therefore denies the same.

53. To the extent the allegations in paragraph 53 relate to Domino's, Domino's admits that venue is proper in this Court, but Domino's denies that this judicial district is the



most convenient forum for the case.  To the extent the allegations in paragraph 52 relate to other Defendants in this case, Domino's is without sufficient information or knowledge to either admit or deny the allegations and therefore denies the same.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

54. Domino's admits that, according to the face of the patent, U.S. Patent No. 5,930,474 (the "'474 patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information."  Domino's denies that the patent was duly and legally issued on July 29, 1999.  Domino's denies all other allegations contained in paragraph 54 of Geotag's Complaint.

55. Domino's is without sufficient information or knowledge to either admit or deny the allegations in paragraph 55 and therefore denies the same.

56. The allegation of what the claims cover in paragraph 56 constitutes a legal conclusion that requires no response, and is therefore denied.  In all other respects, Domino's is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

57. To the extent the allegations in paragraph 57 relate to Domino's, Domino's denies them.  To the extent the allegations in paragraph 57 relate to the other Defendants in this case, Domino's is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

58-72. Domino's is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 58-72 and therefore denies the same.

73. Denied.



74-88. Domino's is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 74-88 and therefore denies the same.

89. To the extent the allegations in paragraph 89 relate to Domino's, Domino's denies them. To the extent the allegations in paragraph 89 relate to the other Defendants in this case, Domino's is without sufficient information or knowledge to either admit or deny the allegations and therefore denies the same.

90. To the extent the allegations in paragraph 90 relate to Domino's, Domino's denies them. To the extent the allegations in paragraph 90 relate to the other Defendants in this case, Domino's is without sufficient information or knowledge to either admit or deny the allegations and therefore denies the same.

## PRAYER FOR RELIEF

Domino's opposes Geotag's requested relief against Domino's or any other relief Geotag requests against Domino's, and therefore asks that this Court deny any and all relief requested by Geotag.

## DEMAND FOR JURY TRIAL

Domino's also demands a trial by jury.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Domino's denies any remaining allegations in Geotag's Complaint that are directed at Domino's.



**AFFIRMATIVE DEFENSES**

Domino's asserts the following affirmative defenses:

**First Affirmative Defense**
**(No Infringement)**

Domino's does not infringe and has not infringed any valid and enforceable claim of the '474 patent.

**Second Affirmative Defense**
**(Invalidity)**

Claims of the '474 patent are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112.

**Third Affirmative Defense**
**(Failure To State A Claim)**

Geotag's claims for relief fail to state a claim upon which relief can be granted.

**Fourth Affirmative Defense**
**(Laches)**

Geotag's claims are barred in whole or in part by laches.

**Fifth Affirmative Defense**
**(Waiver)**

Geotag's claims are barred in whole or in part by waiver.

**Sixth Affirmative Defense**
**(Estoppel)**

Geotag's claims are barred in whole or in part by estoppel.

**Seventh Affirmative Defense**
**(Notice, Damages, and Costs)**

Geotag's claims for damages, if any, against Domino's are statutorily limited by 35 U.S.C. §§ 286, 287 and 288.



**Eighth Affirmative Defense**
**(Improper Joinder)**

Some or all of the Defendants have been improperly joined in a single action, and Domino's asserts its right to a separate trial.

**Ninth Affirmative Defense**
**(Lack of Standing)**

Geotag's claims are barred due to lack of standing and/or lack of ownership to the extent Geotag's allegations extend beyond the patent rights owned by Geotag.

**Tenth Affirmative Defense**
**(Reservation of Affirmative Defenses)**

Domino's hereby reserves the right to supplement additional affirmative defenses as discovery proceeds in this case.

## COUNTERCLAIMS

Defendant, Domino's, by and through its undersigned counsel, as and for its Counterclaims against Geotag, respectfully shows and alleges, as follows:

### The Parties

1.  Counterclaimant Domino's is a corporation organized and existing under the laws of the state of Delaware.

2.  Based on Geotag's assertion in its Complaint, Domino's alleges on information and belief that Geotag is a Delaware corporation with a place of business in Plano, Texas.

### Jurisdiction and Venue

3.  These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act. The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.



4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT

5. Domino's repeats and realleges the allegations of the preceding paragraphs as of set forth herein.

6. Based on Geotag's filing of this action and Domino's affirmative defenses, an actual controversy has arisen and now exists between Geotag and Domino's as to whether Domino's has infringed or is infringing one or more claims of U.S. Patent No. 5,930,474 (the "'474 patent").

7. Domino's is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable asserted claims of the '474 patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Domino's requests the declaration of the Court that Domino's does not infringe and has not infringed any valid and enforceable asserted claim of the '474 patent.

## COUNT II
## DECLARATION OF PATENT INVALIDITY

9. Domino's repeats and realleges the allegations of the preceding paragraphs as of set forth herein.

10. Based on Geotag's filing of this action and Domino's affirmative defenses, an actual controversy has arisen and now exists between Geotag and Domino's as to the validity of the claims of the '474 patent.

11. The claims of the '474 patent are invalid under one or more sections of Title 35 of the U.S. Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.



12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Domino's requests the declaration of the Court that the '474 patent is invalid.

## JURY DEMAND

13. Domino's demands a trial by jury.

## EXCEPTIONAL CASE

14. To the extent this is an exceptional case under 35 U.S.C. § 285, Domino's is entitled to recover from Geotag Domino's attorney fees and costs incurred in connection with this action, and hereby requests such fees and costs.



**PRAYER FOR RELIEF**

Domino's respectfully requests a judgment against Geotag as follows:

A. a declaration that Domino's does not infringe and has not infringed any valid and enforceable claim of the '474 patent;

B. a declaration that the '474 patent is invalid;

C. that Geotag take nothing by its Complaint against Domino's;

D. that the Court enters a judgment against Geotag and in favor of Domino's and that Geotag's Complaint is dismissed with prejudice;

E. that the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and enter a judgment awarding Domino's its costs and reasonable attorney fees; and

F. that the Court grants Domino's whatever further relief the Court may deem just and proper.

Dated: March 14, 2011

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

　/s/ Thomas W. Cunningham
Frank A. Angileri (MI Bar No. P45611)
Thomas W. Cunningham (MI Bar No. P57899)
John S. LeRoy (MI Bar No. P61964)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
fangileri@brookskushman.com
tcunningham@brookskushman.com
jleroy@brookskushman.com

*Attorneys for Domino's Pizza, Inc.*



## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on March 14, 2011 I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:  Allen Franklin Gardner, Antoinette M. Tease, David M. Stein, J. Thad Hearfield, John J. Edmonds, Michael Andrew Bittner, Michael E. Jones, Neil J. McNabnay, Stephen F. Schlather.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:  None.

**BROOKS KUSHMAN P.C.**

 /s/ Thomas W. Cunningham
Frank A. Angileri (MI Bar No. P45611)
Thomas W. Cunningham (MI Bar No. P57899)
John S. LeRoy (MI Bar No. P61964)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
 (248) 358-4400

*Attorneys for Domino's Pizza, Inc.*

