IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., | ) | Case No. 2:10-cv-00572-TJW |
| | ) | |
| Plaintiff, | ) | JURY |
| v. | ) | |
| | ) | |
| STARBUCKS CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ANSWER AND COUNTERCLAIM
# OF DEFENDANT GODFATHER'S PIZZA, INC.

COMES NOW Defendant Godfather's Pizza, Inc. ("GPI"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, and, for its Answer and Counterclaim in this case, admits, denies, and alleges as follows:

1. Defendant GPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1–26, 28–50, 55, 58–74, and 76–88 of the Complaint, and therefore denies the same.

2. Defendant GPI admits the allegations of paragraph 27 of the Complaint.

3. In response to paragraph 51 of the Complaint, Defendant GPI admits that this action arises under the patent laws of the United States, Title 35 of the United States Code, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). To the extent the remaining allegations of paragraph 51 are directed at GPI, they are denied. To the extent the remaining allegations of paragraph 51 are directed at Defendants other than GPI, Defendant

GPI is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

4. In response to paragraph 52 of the Complaint, Defendant GPI admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1388(a). To the extent the remaining allegations of paragraph 52 are directed at GPI, they are denied. To the extent the remaining allegations of paragraph 52 are directed at Defendants other than GPI, Defendant GPI is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

5. In response to paragraph 53 of the Complaint, Defendant GPI admits that this Court previously heard a parallel action for infringement of the U.S. Patent No. 5,930,474 ("the '474 Patent") in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.,* 2:06-CV-00475-CE ("the Geomas Lawsuit"), and that this Court entered a Memorandum Opinion and Order on claim construction in the Geomas Lawsuit on November 20, 2008, but denies that the Geomas Lawsuit provides a basis for venue of the present lawsuit in this Court.

6. In response to paragraph 54 of the Complaint, Defendant GPI admits that the '474 Patent issued on July 29, 1999, and denies the remaining allegations of paragraph 54.

7. The allegations of paragraph 56 of the Complaint state legal conclusions to which no response is required; to the extent a response is deemed necessary, the allegations of paragraph 56 are denied.

8. To the extent the allegations of paragraph 57 of the Complaint are directed at Defendant GPI, they are denied. To the extent the allegations of

paragraph 57 are directed at Defendants other than GPI, Defendant GPI is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

9. Defendant GPI denies the allegations of paragraph 75 of the Complaint.

10. Paragraph 89 of the Complaint contains no allegations that require a response; to the extent a response is deemed necessary, Defendant GPI denies any express or implied allegations of willful infringement by Defendant GPI.

11. Defendant GPI denies the allegations in paragraph 90 of the Complaint.

## GENERAL DENIAL

12. Defendant GPI hereby denies all allegations of the Complaint not expressly admitted herein, and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

13. The Complaint fails to state a claim upon which relief may be granted.

14. Defendant GPI does not infringe, nor has it infringed any asserted claims of the '474 Patent, literally or under the doctrine of equivalents, either directly, contributorily, or by inducement.

15. One or more of the claims of the '474 Patent are invalid and/or unenforceable under one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and 112.

16. One or more of the claims of the '474 Patent are barred by the doctrine of prosecution history estoppel.

17. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, and estoppel.

18. Plaintiff's purported damages, if any, are limited by 35 U.S.C. §§ 286 and/or 287.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant GPI requests that this Court enter judgment in its favor and against Plaintiff as follows:

    a. Dismissing Plaintiff's Complaint with prejudice in its entirety and denying all relief requested therein;

    b. Entering judgment in favor of Defendant GPI and adjudging that Plaintiff take nothing on its claims against Defendant GPI;

    c. Declaring that this case is exceptional and awarding Defendant GPI its costs, expenses and reasonable attorneys' fees; and

    d. Granting such further relief to Defendant GPI as the Court deems just and proper.

**COUNTERCLAIM**

Defendant and Counter-Claimant GPI, for its Counterclaim to Plaintiff's Complaint, alleges as follows:

**PARTIES**

1. Defendant GPI is a Delaware corporation with its principal place of business in Omaha, Nebraska.

2. On information and belief, Plaintiff Geotag, Inc. is a Delaware corporation.

## JURISDICTION

3. The Court has subject matter jurisdiction over the subject matter of this Counterclaim under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

## VENUE

4. Venue in this district is proper under the provisions of 28 U.S.C. §§ 1391(b) and 1400(b).

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment of Non-Infringement of the '474 Patent

5. Defendant GPI incorporates the foregoing paragraphs as if fully set forth herein.

6. Plaintiff has alleged that it owns title to '474 Patent and that Defendant GPI has infringed the '474 Patent.

7. Defendant GPI has not infringed and does not now infringe, either directly, contributorily, or through inducement, any asserted claims of the '474 Patent.

8. An actual controversy exists between the parties regarding the alleged infringement by Defendant GPI of the '474 Patent.

9. Defendant GPI is entitled to a declaration that it has not infringed and does not infringe any asserted claims of the '474 Patent.

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment of Invalidity of the '474 Patent

10. Defendant GPI incorporates the foregoing paragraphs as if fully set forth herein.

11. On information and belief, any and all claims of the '474 Patent asserted by Plaintiff in this action are invalid because the alleged inventions claimed in the '474 Patent fail to satisfy requirements set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

12. An actual controversy exists between the parties regarding the validity of the asserted claims of the '474 Patent.

13. Defendant GPI is entitled to a declaration that any and all claims of the '474 Patent asserted by Plaintiff in this action are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant GPI requests that this court enter a judgment in its favor and against Plaintiff as follows:

a. Dismissing Plaintiff's Complaint with prejudice in its entirety and denying all relief requested therein;

b. Entering judgment in favor of Defendant GPI and adjudging that Plaintiff take nothing on its claims against Defendant GPI;

c. Declaring that Defendant GPI has not infringed and does not infringe any of the claims of the '474 Patent asserted by Plaintiff in this action;

d. Declaring that the claims of the '474 Patent are invalid;

e. Declaring that this case is exceptional and awarding Defendant GPI its costs, expenses and reasonable attorneys' fees;

f. Granting such further relief to Defendant GPI as the Court deems just and proper.

Dated this 14th day of March, 2011

GODFATHER'S PIZZA, INC. Defendant

By: /s/ Andre R. Barry
Andre R. Barry – NE Bar #22505
CLINE WILLIAMS WRIGHT
  JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 U.S. Bank Building
Lincoln, NE 68508-2095
(402) 474-6900
(402) 474-5393 fax
abarry@clinewilliams.com
Attorney-in-Charge

- and -

By: /s/ James C. Tidwell
James C. Tidwell – TX Bar #20020100
WOLFE, TIDWELL & McCOY, LLP
320 N. Travis, Suite 205
Sherman, TX 75090
(903) 868-1933
(903) 892-2397 fax
jct@wtmlaw.net
Local Counsel

**DEMAND FOR JURY TRIAL**

Defendant and Counter-Claimant GPI hereby demands trial by jury on all claims, counterclaims, defenses and other issues triable by jury.

/s/ James C. Tidwell
James C. Tidwell

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all counsel of record who are CM/ECF participants. Any other counsel of record will be served by first class mail.

/s/ James C. Tidwell
James C. Tidwell

4853-2794-3432, v. 2