IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC.<br><br>PLAINTIFF,<br><br>v.<br><br>STARBUCKS CORP., et al<br><br>DEFENDANTS. | CIVIL ACTION NO. 2:10-cv-00572-TJW |

**DEFENDANT PIZZERIA UNO CORPORATION'S MOTION FOR MORE DEFINITE STATEMENT UNDER RULE 12(e); OR ALTERNATIVELY TO TRANSFER PROCEEDINGS TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

The Defendant Pizzeria Uno Corporation ("Uno") moves for entry of an order requiring the Plaintiff to provide a more definite statement in its complaint to enable the appropriate application of the discharge injunction entered by the United States District Court for the Southern District of New York in order to determine the extent that this action violates an injunction discharging claims against Uno. Uno further moves that these proceedings, in so far as they affect Uno, be transferred to the United States District Court for the Southern District of New York in the event Plaintiff does not provide a more definite statement or if such more definite statement does indeed demonstrate that Plaintiff's action violates the discharge injunction issued by the Southern District.[1] Uno further moves that this Court stay these proceedings against Uno in the event the action is transferred. In support thereof, Uno states as follows:

**Summary**

---

[1] References to the United States District Court for the Southern District of New York include the United States Bankruptcy Court for the Southern District of New York. 28 U.S.C. §§ 151, 157(a), 157(b).

Uno was previously a debtor in possession in proceedings for relief under Chapter 11 of the Bankruptcy Code. Its Plan of Reorganization was confirmed on July 26, 2010. As part of the process of confirming the Plan, the Bankruptcy Court—and the Bankruptcy Code—enjoined the bringing of any actions against Uno which could have been asserted as of the date of the confirmation of the Plan. The complaint in this matter on its face violates that injunction in so far as it seeks damages against Uno for actions which occurred before July 26, 2010.

Uno's counsel has sought to avoid this motion practice by requesting Plaintiff to amend or modify its complaint against Uno to make clear that Plaintiff does not purport to bring a claim arising from conduct occurring prior to the discharge in bankruptcy. While Plaintiff's counsel represented in an email that Plaintiff would not seek damages for pre-discharge conduct when he was advised of the prior bankruptcy proceedings, Plaintiff would not amend or otherwise modify its complaint to confirm such representation.

Plaintiff has since offered a stipulation not to proceed with claims from the period prior to discharge in bankruptcy, but it purports to do so based on a mere "representation" by Uno rather than on the actual discharge injunction issued by the Southern District of New York. The pleadings must clearly confirm that Geotag, in compliance with the discharge injunction, acknowledges that its claims from the pre-discharge period have been discharged by the bankruptcy court and that Geotag accordingly will not proceed with such claims from before July 26, 2010 in this action. Should Geotag simply amend or modify its complaint prior to the due date for its response, Uno will readily withdraw this motion and file its Answer to such amended or modified complaint. Uno brings this motion because Plaintiff has yet to confirm in its pleading what it purported to assure in its informal communications exchanged after the filing of the original complaint.

## I.  Introduction

A.  Claim Background

The Plaintiff GEOTAG, Inc. ("Plaintiff") asserts that it is the assignee of United States Patent No. 5,930,474 (hereinafter "'474 patent").  In that capacity it brought the above-captioned patent infringement suit against numerous defendants, including Uno.

The Complaint consists of ninety paragraphs, only one of which specifically alleges acts by Uno.  Paragraph 88 of the Complaint states:

> On information and belief, PIZZERIA UNO has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Location at www.unos.com.

B.  Uno's Bankruptcy

On January 10, 2010, Uno and several affiliates filed petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York. The cases were administratively consolidated under Docket No. 10-10209 (MG). Herein, the term "Bankruptcy Proceedings" refers to said proceedings, and the term "Bankruptcy Court" refers to the Judge presiding over said proceedings.

Uno and the other Debtors published a notice of the pendency of the Bankruptcy Proceedings in *The New York Times*. A copy of the affidavit of such publication, filed on the docket of the Bankruptcy Court, is attached hereto and marked Exhibit 1.  Uno and the other Debtors subsequently published another notice, in *The New York Times*, setting forth the Bankruptcy Court's order setting a deadline for the filing of claims. A copy of the affidavit of

such publication, filed on the docket of the Bankruptcy Court, is attached hereto and marked Exhibit 2.

On July 26, 2010, the Bankruptcy Court confirmed the Debtors' Plan of Reorganization. The order confirming the Plan of Reorganization is referred to herein as the "Confirmation Order." A copy of that order is attached hereto as Exhibit 3.

The Confirmation Order contains an injunction against bringing any action based on claims discharged by the Order. It provides, in relevant part:

> Except as otherwise expressly provided in the Plan, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Interest against any of the Reorganized Debtors, (b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against any Reorganized Debtor with respect to such Claim or Interest, (c) creating, perfecting, or enforcing any encumbrance of any kind against any Reorganized Debtor or against the property or interests in property of any Reorganized Debtor with respect to such Claim or Interest, (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to any Reorganized Debtor or against the property or interests in property of any Reorganized Debtor with respect to such Claim or Interest, (e) commencing or continuing in any manner any action or other proceeding of any kind on any Deductible Claim against any of the Reorganized Debtors or their insurers, and (f) pursuing any Claim released pursuant to the Plan.

Ex. 3 at 37-38.

The Confirmation Order also states that the Bankruptcy Court retains exclusive jurisdiction over issues relating to "the extent of any Entity's obligations … released under the Plan", and to "restrain interference by any Entity with the consummation, implementation, or enforcement of the Plan, this [Confirmation] Order, or any other order of the Bankruptcy Court." Ex. 3 at 40-41.

An injunction against bringing any action based on discharged claims is also contained in 11 U.S.C., section 524(a)(2) and 11 U.S.C., section 1141(d)(1). Herein, unless the context otherwise requires, the term "discharge injunction" refers to the injunction contained in the Confirmation Order as well as that contained in the prior sentence hereof.

C.    The Discharge Injunction Applies to this Action

A discharge injunction bars the "commencement or continuation of an action, the employment of process, or an act to collect, recover, or offset" any debt discharged in bankruptcy. In re Mooney, 340 B.R. 351, 357-358 (Bankr.E.D. Tex. 2006) (quoting 11 U.S.C. § 524(a)(2)); see also 11 U.S.C. § 1142(d)(1).  The term "debt" is defined by 11 U.S.C. § 101(12) as "liability on a claim." "Claim" is broadly defined under 11 U.S.C. § 101(5):

The term "claim" means—

(a)  right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(b)  right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

An action for patent infringement is a claim barred by a discharge injunction to the extent that claim arose before the date of the discharge. Hazelquist v. Guchi Moochie Tackle Co., Inc., 437 F.3d 1178, 1180 (Fed. Cir. 2006).

The Complaint appears to include allegations of infringement which occurred both before and after July 26, 2010. The Plaintiff has failed to specify whether it seeks relief against Uno for actions allegedly taken before July 26, 2010. Plaintiff is violating the discharge injunction to the extent that it is seeking relief for conduct by Uno before July 26, 2010.

### II. This Court should Order a More Definite Statement Under Rule 12(e) to confirm whether the discharge injunction is being violated and whether to transfer the action to the bankruptcy court.

A more definite statement pursuant to Rule 12(e) is necessary to determine the extent to which the Plaintiff is violating the discharge injunction and the extent to which action is barred. Courts grant Rule 12(e) motions when a complaint does not contain sufficient information for the defendant to determine whether certain threshold defenses, such as qualified immunity, statute of limitations, or lack of jurisdiction, apply. E.g., Thomas v. Independence Twp., 463 F.3d 285, 289 (3rd Cir. 2006) (qualified immunity); Rose v. Kinevan, 115 F.R.D. 250, 251-252 (D. Colo. 1987) (statute of limitations); Zimmermann v. Zimmermann, 395 F.Supp. 719, 724-25 (E.D.Pa. 1975) (jurisdiction). As the complaint presently fails to contain facts sufficient to determine whether the discharge injunction has been violated and whether this case should be discharged to the bankruptcy court, this Court should order Plaintiff to provide a more definite statement in its complaint.

In Zimmermann, personal jurisdiction over the defendant existed only for claims arising on or before August 30, 1970. Zimmermann, 395 F.Supp. at 724. The plaintiff did not specify the dates of her claims. Thus, there "exist[ed] the possibility that a substantial portion of plaintiff's … claim is based on [acts] for which this Court cannot grant relief." Id. The court granted the motion for a more definite statement, stating that the plaintiff must submit a pleading that would enable the defendant and court to determine whether the court had jurisdiction over the claims. Id. at 724-725.

As in Zimmermann, this Court may be barred from granting relief on the Plaintiff's claim. The complaint is too sparse to determine whether the Plaintiff is alleging an infringement claim against Uno in violation of the discharge injunction.

The Court is now presented with a situation where the Plaintiff may be in contempt, to the great detriment of Uno. In re Terrebonne Fuel and Lube, Inc., 108 F.3d 609, 613 (5th Cir. 1997). "[W]hen a discharge injunction is violated, a debtor is denied one of the primary benefits offered by the present bankruptcy system." Mooney, 340 B.R. at 358. Thus, there is a more compelling reason to require a more definite statement than existed in Zimmermann.

Uno does not request a litany of facts that might be more appropriate for the discovery process. Instead, Uno seeks only a clarification as to when the alleged infringing activity began, and the time periods for which the Plaintiff seeks to recover from Uno. Uno requires this information only to determine whether the Plaintiff is enjoined from bringing a claim against Uno.

### III. This Court Should Enforce the Bankruptcy Court's Injunction by Staying this Proceeding and Transferring it to the Southern District of New York

Alternatively, in the event the Court does not order a more definite statement, or if the more definite statement further confirms the violation of the discharge injunction, Uno requests that this Court enforce the discharge injunction by staying this proceeding and transferring it to the United States District Court for the Southern District of New York so that that Court can determine the extent of Plaintiff's violation of the injunction and an appropriate remedy.

Federal law provides a mechanism for the transfer of proceedings under Title 11 from one district to another when it is "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. "[C]ore proceedings" arising under Title 11 qualify for transfer under § 1412. Searcy v. Knostman, 155 B.R. 699, 704-707 (S.D. Miss. 1993); Rumore v. Wamstad, 2001 WL 1426680, *2-3 (E.D.La. 2001); see also Dunlap v. Friedman's, Inc., 331 B.R. 674, 677 (S.D.W.Va. 2005).

A "proceeding to enforce or construe a bankruptcy court's section 524(a) discharge injunction-and whether the confirmed reorganization plan precludes certain post-confirmation collection efforts-necessarily arises under title 11 and … such a proceeding is 'core' under 28 U.S.C. 157(b)." In re National Gypsum Co., 118 F.3d 1056, 1064 (5th Cir. 1997). Uno's request to determine the extent of the discharge injunction as applied to the Plaintiff's claim, and to enforce the injunction against the Plaintiff, is a "core proceeding" and eligible for transfer under § 1412.

Transfer is appropriate because the Bankruptcy Court's Confirmation Order explicitly retained exclusive jurisdiction over the construction and enforcement of the Confirmation Order and the discharge injunction contained therein. Ex. 3 at 40-41. Transfer of this issue to the United States District Court for the Southern District of New York is also in the interest of justice. The economical and efficient administration of the bankruptcy estate is the primary concern in an analysis of whether transfer under § 1412 is in the interest of justice. Dunlap, 331 B.R. at 680. There is a "well-settled" presumption that proceedings related to a bankruptcy should be litigated in the same district as the bankruptcy itself. Dunlap, 331 B.R. at 678 (collecting decisions supporting the presumption); cf. Rumore, 2001 WL 1426680 at *4 ("Presumptively, civil adversary proceedings should be venued with the underlying bankruptcy case."). Similarly, a Bankruptcy Court is in the best position to interpret its own order. In re Tomlin, 105 F.3d 933, 941 (4th Cir. 1997).

Since the Bankruptcy Court retained exclusive jurisdiction over construing and enforcing its Confirmation Order, it is the most appropriate venue for this action. Because the Bankruptcy Court is in the best position to examine its own proceedings, it is in the interest of justice to

transfer this action to the Southern District of New York.WHEREFORE, Pizzeria Uno Corporation respectfully requests that this Court:

    A.    Order the Plaintiff to provide a more definite statement of the time periods in which it alleges the infringing activity took place and for which it seeks damages, or, in the alternative;

    B.    Transfer the action against Uno to the United States District Court for the Southern District of New York; and

    C.    Stay these proceedings pending the determination of the Southern District of New York.

                      Respectfully submitted,

                      PIZZERIA UNO CORPORATION

                      By Its Attorneys

Dated: March 14, 2011        By:    */s/ Lance Lee*
                                            Lance Lee
                                            Texas Bar 24004762
                                            Attorney At Law
                                            5511 Plaza Drive
                                            Texarkana, TX 75503
                                            Tel.: (903) 223-0276
                                            Fax: (903) 223-0210
                                            wlancelee@aol.com

### **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing Motion was electronically filed with the Clerk of the Court by CM/ECF system which would then notify all counsel of record.

Dated: March 14, 2011                    */s/ Lance Lee*
                                              Lance Lee

**CERTIFICATE OF CONFERENCE**

      I hereby certify that I have complied with the meet and confer requirement of Local Rule CV-7(h), through telephone conferences between Lance Lee, Christopher T. Vrountas, and John Edmonds for approximately the week leading up to and including March 14, 2011.  This motion is opposed.  Plaintiff has offered a stipulation not to proceed with claims from the period prior to discharge in bankruptcy, but it purports to do so based on a mere "representation" by Uno rather than on the actual discharge injunction issued by the Southern District of New York.  The impasse is that the language of the stipulation is conditional, and therefore inadequate. Uno has pointed out that the plaintiff has a duty to assert a claim or not, and should amend the complaint.  That is why, counsel for Uno has explained to counsel for the Plaintiff, the instant motion was being filed. If the complaint is amended, then the defendant will have the opportunity to respond accordingly.

Dated:  March 14, 2011                             /s/   Lance Lee
                                                                     Lance Lee