EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
In re                                                      :   Chapter 11
                                                           :
UNO RESTAURANT HOLDINGS                                    :   Case No. 10-10209 (MG)
CORPORATION, *et al.*,                                     :
                                                           :
              Debtors.                                     :   (Jointly Administered)
                                                           :
-----------------------------------------------------------x

### ORDER CONFIRMING SECOND AMENDED JOINT CONSOLIDATED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR UNO RESTAURANT HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

Uno Restaurant Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-referenced chapter 11 cases (collectively, "**Uno**" or the "**Debtors**") and the informal group of the Debtors' prepetition senior secured noteholders (the "**Majority Noteholder Group**" and together with the Debtors, the "**Plan Proponents**") having proposed and filed the *Second Amended Joint Consolidated Plan of Reorganization under Chapter 11 of the Bankruptcy Code for Uno Restaurant Holdings Corporation and Its Affiliated Debtors and Debtors in Possession* [Docket No. 516], dated June 29, 2010 (as it has been or may be subsequently amended or modified in accordance with its respective terms and the Bankruptcy Code, the "**Plan**")[1] and the *Amended Plan Supplement* [Docket No. 511], dated June 25, 2010 (as it has been or may be subsequently amended or modified in accordance with its respective terms and the Bankruptcy Code, the "**Plan Supplement**" and together with the Plan, the "**Plan Documents**"); and the Disclosure Statement, having been approved by the Court by order, dated May 11, 2010 (the "**Disclosure Statement Order**") [Docket No. 456]; and due

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

US_ACTIVE:\43418870\10\99910.3600



30. <u>No Liens on Claims Purchase Funds</u>. Neither the Exit Financing nor any of the documents evidencing or relating to same shall create a Lien on the Claims Purchase Funds.

31. <u>Securities Exempt from Registration</u>. To the maximum extent provided by section 1145 of the Bankruptcy Code and applicable non-bankruptcy law, the issuance under the Plan of the New Common Stock and the New Second Lien Notes will be exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder and any state or local law requiring registration prior to the offering, issuance, distribution, or sale of securities. The issuance of the New Common Stock and the New Second Lien Notes is or was in exchange for Claims against the Debtors, or principally in such exchange and partly for Cash or property within the meaning of section 1145(a)(1) of the Bankruptcy Code. Pursuant to section 1145(c) of the Bankruptcy Code, the resale of any equity and any other securities issuable pursuant to the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder and any state or local law requiring registration prior to the offering, issuance, distribution, or sale of securities, except for any restrictions set forth in section 1145(b) of the Bankruptcy Code and any restriction contained in the Plan Documents. Furthermore, the issuance of management securities pursuant to the Management Incentive Plan and related employment agreements (if any) shall be exempt from registration pursuant to Section 4(2) of the Securities Act.

32. <u>Extinguishment of Claims and Interests</u>. Except as provided in the Plan, the rights afforded in and the payments and distributions to be made under the Plan shall terminate all Interests and discharge all existing debts and Claims of any kind, nature or description whatsoever against or in the Debtors or any of their assets or properties to the fullest

extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plan, upon the Effective Date, all existing Claims against the Debtors and Interests shall be, and shall be deemed to be, discharged and terminated, and all holders of such Claims and Interests shall be precluded and enjoined from asserting against the Reorganized Debtors, their successors or assignees, or any of their assets or properties any other or further Claim or Interest based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of claim or proof of interest and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

33. _Discharge of Debtors_. Upon the Effective Date, in consideration of the distributions or payments to be made under the Plan and except as otherwise expressly provided in the Plan, each holder (as well as any trustees and agents on behalf of each holder) of a Claim or Interest and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Deductible Claims, Interests, rights, or liabilities that arose prior to the Effective Date. Upon the Effective Date, all such persons shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated Interest in the Debtors.

34. _Injunction on Claims_. Except as otherwise expressly provided in the Plan, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Interest against any of the Reorganized Debtors, (b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against any Reorganized Debtor with

respect to such Claim or Interest, (c) creating, perfecting, or enforcing any encumbrance of any kind against any Reorganized Debtor or against the property or interests in property of any Reorganized Debtor with respect to such Claim or Interest, (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to any Reorganized Debtor or against the property or interests in property of any Reorganized Debtor with respect to such Claim or Interest, (e) commencing or continuing in any manner any action or other proceeding of any kind on any Deductible Claim against any of the Reorganized Debtors or their insurers, and (f) pursuing any Claim released pursuant to the Plan.

35.     *Terms of Existing Injunctions or Stays*.  All injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date, *provided, however*, that no such injunction or stay shall preclude enforcement of parties' rights under the Plan and the related documents.

36.     *Exculpation*.  None of the Released Parties shall have or incur any liability for any Claim, cause of action, or other assertion of liability for any act taken or omitted to be taken in connection with, or arising out of, the Chapter 11 Cases, the formulation, dissemination, confirmation, consummation, or administration of the Plan, property to be distributed under the Plan, the Claims Purchase, or any other act or omission in connection with the Chapter 11 Cases, the Plan, the Disclosure Statement, or any contract, instrument, document, or other agreement related thereto; *provided, however*, that the foregoing shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct or gross negligence.

Released Parties under the Plan, or (b) otherwise has its Claim purchased pursuant to the Claims Purchase set forth herein, shall be deemed to release, waive, void, extinguish, and discharge, unconditionally and forever, all Released Actions (other than the rights to enforce the Plan, and any right or obligation under the Plan, and the securities, contracts, instruments, releases, indentures, and other agreements or documents delivered hereunder or contemplated hereby), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Chapter 11 Cases, or the Plan, that otherwise may be asserted against the Released Parties; *provided, however,* that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct, intentional fraud, or criminal conduct of any such person or entity as determined by a Final Order entered by a court of competent jurisdiction.

      39.    <u>Retention of Jurisdiction</u>.  The Court shall retain, and continue to have, exclusive jurisdiction of all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code, including, without limitation:

> (a) to resolve any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which a Debtor is a party or with respect to which a Debtor may be liable and to hear, determine and, if necessary, liquidate, any Claims arising therefrom, including those matters related to the amendment after the Effective Date of the Plan, to add any executory contracts or unexpired leases to the list of executory contracts and unexpired leases to be rejected;

(b) to enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan;

(c) to determine any and all motions, adversary proceedings, applications, and contested or litigation matters that may be pending on the Effective Date or that, pursuant to the Plan, may be instituted by the Reorganized Uno Companies prior to or after the Effective Date (which jurisdiction shall be non-exclusive as to any non-core matters);

(d) to ensure that distributions to holders of Allowed Claims are accomplished as provided herein;

(e) to hear and determine any timely objections to Claims and Interests, including any objections to the classification of any Claim or Interest, and to allow, disallow, determine, liquidate, classify, estimate, or establish the priority of or secured or unsecured status of any Claim, in whole or in part;

(f) to resolve any Disputed Claims;

(g) to enter and implement such orders as may be appropriate in the event this Order is for any reason stayed, revoked, modified, reversed, or vacated;

(h) to issue such orders in aid of consummation of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(i) to consider any modifications of the Plan, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, this Order;

(j) to hear and determine all applications for awards of compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date under sections 330, 331, and 503(b) of the Bankruptcy Code and any disputes related to the post-Effective Date fees and out-of-pocket expenses of counsel to the Creditors' Committee incurred in connection with carrying out the provisions of the Plan;

(k) to hear and determine disputes arising in connection with or relating to the Plan or the interpretation, implementation, or enforcement of the Plan or the extent of any Entity's obligations incurred in connection with or released under the Plan;

(l) to issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with the consummation, implementation, or enforcement of the Plan, this Order, or any other order of the Bankruptcy Court;

(m) to determine any other matters that may arise in connection with or are related to the Plan, the Disclosure Statement, this Order, or any other contract, instrument, release, or other agreement or document created in connection with the Plan or the Disclosure Statement;

(n) to recover all assets of the Debtors and property of the Debtors' Estates, wherever located;

(o) to hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code (including the expedited determination of tax under section 505(b) of the Bankruptcy Code);

(p) to determine the scope of any discharge of any Debtor under the Plan or the Bankruptcy Code;

(q) to hear any other matter or for any purpose specified in this Order that is not inconsistent with the Bankruptcy Code; and

(r) to enter a final decree closing the Chapter 11 Cases.

40.   <u>Effectuating Documents and Further Transactions</u>.  On or before the Effective Date, and without the need for any further order or authority, the Debtors shall file with the Court or execute, as appropriate, such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan. The Reorganized Debtors are authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan and any securities issued pursuant to the Plan.

41.   <u>Withholding and Reporting Requirements</u>.  In connection with the consummation of the Plan and all instruments issued in connection herewith and distributed hereunder, the Debtors, the Reorganized Uno Companies, or any Disbursing Agent, as the case may be, shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority and all distributions hereunder shall be subject to any

55.  <u>Final Order</u>.  This Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

Dated:  New York, New York
       July 6, 2010

/s/ Martin Glenn
UNITED STATES BANKRUPTCY JUDGE