IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC.<br>     PLAINTIFF,<br><br>v.<br><br>STARBUCKS CORP.;<br>AFC ENTERPRISES, INC. D/B/A POPEYE'S CHICKEN AND BISCUITS D/B/A POPEYE'S;<br>BOB EVANS FARMS, INC. D/B/A BOB EVANS;<br>BOB EVANS RESTAURANTS OF MICHIGAN, LLC;<br>BRINKER INTERNATIONAL, INC. D/B/A CHILI'S D/B/A ROMANO'S MACARONI GRILL D/B/A MAGGIANO'S LITTLE ITALY;<br>BURGER KING CORP.;<br>CALIFORNIA PIZZA KITCHEN, INC.;<br>CEC ENTERTAINMENT, INC. D/B/A CHUCK E. CHEESE'S;<br>CEC ENTERTAINMENT CONCEPTS, L.P.;<br>CICI ENTERPRISES, LP D/B/A CICI'S PIZZA;<br>CINNABON, INC.;<br>CRACKER BARREL OLD COUNTRY STORE, INC. D/B/A CRACKER BARREL;<br>DARDEN RESTAURANTS, INC. D/B/A RED LOBSTER D/B/A LONGHORN STEAKHOUSE D/B/A OLIVE GARDEN D/B/A THE CAPITAL GRILLE D/B/A BAHAMA BREEZE D/B/A SEASONS D/B/A LONGHORNSTEAKHOUSE.COM;<br>DARDEN CONCEPTS, INC.;<br>GMRI, INC.;<br>DD IP HOLDER, LLC;<br>DUNKIN' BRANDS, INC. D/B/A DUNKIN DONUTS;<br>DUNKIN DONUTS, INC.; | CIVIL ACTION NO. 2:10-cv-00572-TJW |

| |
|---|
| DELI MANAGEMENT, INC. D/B/A JASON'S DELI; <br> APPLEBEE'S INTERNATIONAL, INC.; <br> APPLEBEE'S IP, LLC; <br> DOCTOR'S ASSOCIATES INC. D/B/A SUBWAY; <br> FRANCHISE WORLD HEADQUARTERS, LLC; <br> DOMINO'S PIZZA, INC.; <br> DR. PEPPER SNAPPLE GROUP, INC.; <br> GODFATHER'S PIZZA, INC.; <br> GREAT HARVEST BREAD CO.; <br> IHOP CORP.; <br> IHOP IP, LLC; <br> DINEEQUITY, INC. D/B/A IHOP D/B/A INTERNATIONAL HOUSE OF PANCAKES; <br> JACK IN THE BOX, INC.; <br> LANDRY'S INC. D/B/A CHART HOUSE D/B/A SALT GRASS D/B/A CLAIM JUMPER D/B/A OCEANAIRE D/B/A SALTGRASS; <br> SALTGRASS, INC.; <br> THE OCEANAIRE, INC.; <br> LITTLE CEASAR ENTERPRISES, INC.; <br> ILITCH HOLDINGS, INC.; <br> MCDONALD'S CORP.; <br> MOE'S SOUTHWEST GRILL, LLC; <br> MSWG, LLC; <br> MOE'S, INC.; <br> MOE'S FRANCHISOR, LLC; <br> MR. GATTI'S, L.P.; <br> MAMA JIM'S PIZZA, INC. D/B/A MR. JIM'S PIZZA; <br> PANERA BREAD COMPANY; <br> PANERA, LLC; <br> PAPA JOHNS INTERNATIONAL, INC.; <br> PAPA JOHNS USA, INC.; <br> PIZZA INN, INC.; AND <br> PIZZERIA UNO CORP., <br>     DEFENDANTS. |

**MR. GATTI'S ORIGINAL ANSWER, AFFIRMATIVE**
**DEFENSES, AND COUNTERCLAIMS**

2

Defendant Mr. Gatti's, L.P. ("Mr. Gatti's") answers the Complaint filed by Plaintiff Geotag, Inc. ("Plaintiff") as follows:

1. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 1 of the Complaint and, accordingly, denies same.

2. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 2 of the Complaint and, accordingly, denies same.

3. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 3 of the Complaint and, accordingly, denies same.

4. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 4 of the Complaint and, accordingly, denies same.

5. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 5 of the Complaint and, accordingly, denies same.

6. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 6 of the Complaint and, accordingly, denies same.

7. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 7 of the Complaint and, accordingly, denies same.

8. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 8 of the Complaint and, accordingly, denies same.

9. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 9 of the Complaint and, accordingly, denies same.

10. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 10 of the Complaint and, accordingly, denies same.

11. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 11 of the Complaint and, accordingly, denies same.

12. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 12 of the Complaint and, accordingly, denies same.

13. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 13 of the Complaint and, accordingly, denies same.

14. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 14 of the Complaint and, accordingly, denies same.

15. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 15 of the Complaint and, accordingly, denies same.

16. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 16 of the Complaint and, accordingly, denies same.

17. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 17 of the Complaint and, accordingly, denies same.

18. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 18 of the Complaint and, accordingly, denies same.

19. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 19 of the Complaint and, accordingly, denies same.

20. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 20 of the Complaint and, accordingly, denies same.

21. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 21 of the Complaint and, accordingly, denies same.

22. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 22 of the Complaint and, accordingly, denies same.

23. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 23 of the Complaint and, accordingly, denies same.

24. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 24 of the Complaint and, accordingly, denies same.

25. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 25 of the Complaint and, accordingly, denies same.

26. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 26 of the Complaint and, accordingly, denies same.

27. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 27 of the Complaint and, accordingly, denies same.

28. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 28 of the Complaint and, accordingly, denies same.

29. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 29 of the Complaint and, accordingly, denies same.

30. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 30 of the Complaint and, accordingly, denies same.

31. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 31 of the Complaint and, accordingly, denies same.

32. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 32 of the Complaint and, accordingly, denies same.

33. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 33 of the Complaint and, accordingly, denies same.

34. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 34 of the Complaint and, accordingly, denies same.

35. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 35 of the Complaint and, accordingly, denies same.

36. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 36 of the Complaint and, accordingly, denies same.

37. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 37 of the Complaint and, accordingly, denies same.

38. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 38 of the Complaint and, accordingly, denies same.

39. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 39 of the Complaint and, accordingly, denies same.

40. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 40 of the Complaint and, accordingly, denies same.

41. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 41 of the Complaint and, accordingly, denies same..

42. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 42 of the Complaint and, accordingly, denies same.

43. Mr. Gatti's admits the allegations in Paragraph 43 of the Complaint.

44. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 44 of the Complaint and, accordingly, denies same.

45. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 45 of the Complaint and, accordingly, denies same.

46. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 46 of the Complaint and, accordingly, denies same.

47. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 47 of the Complaint and, accordingly, denies same.

48. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 48 of the Complaint and, accordingly, denies same.

49. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 49 of the Complaint and, accordingly, denies same.

50. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 50 of the Complaint and, accordingly, denies same.

## JURISDICTION AND VENUE

51. With regard to the allegations in Paragraph 51 of the Complaint: Mr. Gatti's admits that Plaintiff's action arises under the patent laws of the United States, Title 35 of the United States Code, and admits that this Court has subject matter jurisdiction over the action as presently pled pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant admits that it has a website that is accessible from within this judicial district. Mr. Gatti's denies that it has infringed U.S. Patent No. 5,930,474 (the "'474 Patent") in any way, including but not limited to by operation of Mr. Gatti's website. Mr. Gatti's denies all other allegations in Paragraph 51 of the Complaint that are directed towards Mr. Gatti's. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 51 of the Complaint that are directed towards other Defendants and, accordingly, denies same.

52. With regard to the allegation in Paragraph 52 of the Complaint: Mr. Gatti's admits that venue is proper (as to Mr. Gatti's only) in this judicial district, but Mr. Gatti's does not admit that this judicial district is a convenient forum or that Mr. Gatti's will not seek transfer under 28 U.S.C. §1404. Mr. Gatti's admits that subject matter jurisdiction exists over the action as presently pled. Defendant admits that it has a website that is accessible from within this judicial district. Mr. Gatti's denies that it has infringed the '474 Patent in any way, including but not limited to by operation of Mr. Gatti's website. Mr. Gatti's denies all other allegations in Paragraph 52 of the Complaint that are directed towards Mr. Gatti's. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 52 of the Complaint that are directed towards other Defendants and, accordingly, denies same.

53.     Mr. Gatti's denies the allegations in Paragraph 53 of the Complaint.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

54.     Mr. Gatti's admits the allegation in Paragraph 54 that the '474 Patent is titled "Internet Organizer for Assessing Geographically and Topically Based Information."  Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54 of the Complaint and, accordingly, denies same.

55.     Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 55 of the Complaint and, accordingly, denies same.

56.     The allegations in Paragraph 56 of the Complaint are questions of law, which do not require a response.  To the extent a response is required, Mr. Gatti's denies the allegation in Paragraph 56 of the Complaint.

57.     Mr. Gatti's denies the allegations against Mr. Gatti's set forth in Paragraph 57 of the Complaint.  Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57 of the Complaint and, accordingly, denies same.

58.     Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 58 of the Complaint and, accordingly, denies same.

59.     Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 59 of the Complaint and, accordingly, denies same.

60.     Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 60 of the Complaint and, accordingly, denies same.

61. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 61 of the Complaint and, accordingly, denies same.

62. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 62 of the Complaint and, accordingly, denies same.

63. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 63 of the Complaint and, accordingly, denies same.

64. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 64 of the Complaint and, accordingly, denies same.

65. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 65 of the Complaint and, accordingly, denies same.

66. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 66 of the Complaint and, accordingly, denies same.

67. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 67 of the Complaint and, accordingly, denies same.

68. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 68 of the Complaint and, accordingly, denies same.

69. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 69 of the Complaint and, accordingly, denies same.

70. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 70 of the Complaint and, accordingly, denies same.

71. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 71 of the Complaint and, accordingly, denies same.

72. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 72 of the Complaint and, accordingly, denies same.

73. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 73 of the Complaint and, accordingly, denies same.

74. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 74 of the Complaint and, accordingly, denies same.

75. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 75 of the Complaint and, accordingly, denies same.

76. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 76 of the Complaint and, accordingly, denies same.

77. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 77 of the Complaint and, accordingly, denies same.

78. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 78 of the Complaint and, accordingly, denies same.

79. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 79 of the Complaint and, accordingly, denies same.

80. Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 80 of the Complaint and, accordingly, denies same.

81.     Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 81 of the Complaint and, accordingly, denies same.

82.     Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 82 of the Complaint and, accordingly, denies same.

83.     Mr. Gatti's denies the allegations in Paragraph 83 of the Complaint.

84.     Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 84 of the Complaint and, accordingly, denies same.

85.     Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 85 of the Complaint and, accordingly, denies same.

86.     Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 86 of the Complaint and, accordingly, denies same.

87.     Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 87 of the Complaint and, accordingly, denies same.

88.     Mr. Gatti's lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 88 of the Complaint and, accordingly, denies same.

89.     Mr. Gatti's denies the allegations in Paragraph 89 of the Complaint.

90.     Mr. Gatti's denies the allegations in Paragraph 90 of the Complaint.

**PRAYER FOR RELIEF**

91.     Mr. Gatti's denies that Plaintiff is entitled to any of the relief requested in Section of the Complaint entitled "PRAYER FOR RELIEF."

92. Mr. Gatti's denies each and every allegation in Plaintiff's Complaint unless expressly and unambiguously admitted in the above numbered paragraphs.

## FIRST AFFIRMATIVE DEFENSE

93. Mr. Gatti's does not infringe and has never infringed, either directly or indirectly, any valid claim of the '474 Patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

94. Each claim of the '474 Patent is invalid for failure to meet the conditions and requirements of patentability specified in 35 U.S.C. §§ 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

95. Upon information and belief, Plaintiff is barred from recovering any pre-lawsuit claim for damages for failure to comply with 35 U.S.C. § 287.

## FOURTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims for indirect infringement are barred, in whole or in part, because there is no direct infringement.

## JURY DEMAND

97. Mr. Gatti's demands a trial by jury on all issues triable by jury.

## EXCEPTIONAL CASE

Mr. Gatti's requests that the Court declare this an exceptional case under 35 U.S.C. § 285 and award Mr. Gatti's its attorneys' fees.

WHEREFORE Defendant Mr. Gatti's prays for justice in its favor and that Plaintiff's claims and requested relief all be denied and dismissed. Mr. Gatti's further seeks all other relief,

remedies, and awards as the Court may deem appropriate, including but not limited to recovery of its attorneys' fees and costs.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Mr. Gatti's, L.P. ("Mr. Gatti's") files these Counterclaims against Plaintiff Geotag, Inc. ("Geotag").

## I.
## INTRODUCTION

1. The following counterclaims brought by Defendant/Counter-Plaintiff Mr. Gatti's against Plaintiff/Counter-Defendant Geotag seek a declaratory judgment of non-infringement and invalidity of all claims of United States Patent No. 5,930,474 (the "474 Patent").

## II.
## PARTIES

2. Defendant/Counter-Plaintiff Mr. Gatti's is a corporation organized and existing under the laws of the State of Texas with a place of business in Austin, Texas.

3. Plaintiff/Counter-Defendant Geotag asserts in its Complaint that it is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Plano, Texas.

## III.
## JURISDICTION AND VENUE

4. These counterclaims state claims arising under the patent laws of the United States, 35 U.S.C. § 282. Defendant/Counter-Plaintiff Mr. Gatti's seeks a declaratory judgment, under 28 U.S.C. § 2201, that Mr. Gatti's and its products and services (including but not limited to its website) do not infringe any claim of the '474 Patent and/or that the claims of the '474 Patent are

invalid. This Court has original and exclusive subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338(a).

5. Plaintiff/Counter-Defendant Geotag is subject to personal jurisdiction in this action because it resides in this judicial district and has sufficient minimum contacts with the State of Texas to subject it to specific personal jurisdiction through forum contacts that are directly related to causes of action asserted by Defendant/Counter-Plaintiff Mr. Gatti's in this counterclaim and by virtue of its Complaint against Mr. Gatti's in this action.

6. Venue for these counterclaims are proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b) because Plaintiff/Counter-Defendant Geotag resides in this judicial district, because a substantial part of the events or omissions giving rise to these counterclaims occurred in this judicial district, and because Plaintiff/Counter-Defendant filed the present action in this judicial district against Mr. Gatti's.

## IV.
## CLAIMS FOR RELIEF
## COUNTERCLAIM COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## AND INVALIDITY REGARDING
## UNITED STATES PATENT NO. 5,930,374

7. The '474 is titled "Internet Organizer for Accessing Geographically and Topically Based Information" was issued on July 29, 1999. Plaintiff/Counter-Defendant Geotag has asserted that it is the owner of the '474 Patent.

8. An actual controversy exists between Defendant/Counter-Plaintiff Mr. Gatti's and Plaintiff/Counter-Defendant Geotag as to the infringement and validity of the '474 Patent. Plaintiff/Counter-Defendant Geotag has created a reasonable apprehension on the part of

Defendant/Counter-Plaintiff Mr. Gatti's that it will continue to be subject to this ongoing infringement suit if Mr. Gatti's continues to use, *inter alia*, its website.

9. Defendant/Counter-Plaintiff Mr. Gatti's products and services (including but not limited to Mr. Gatti's website) do not infringe any valid claim of the '474 Patent. Defendant/Counter-Plaintiff Mr. Gatti's seeks a declaratory judgment that none of Mr. Gatti's activities, including but not limited to its website, infringe any valid claims of the '474 Patent.

10. The claims of the '474 Patent are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 102 and 103, and for failure to comply with the requirements of 35 U.S.C. § 112. Accordingly, Defendant/Counter-Plaintiff Mr. Gatti's seeks a declaratory judgment of invalidity under §§ 102, 103, and/or 112 for all claims of the '474 Patent.

13. Defendant/Counter-Plaintiff Mr. Gatti's asserts that this is an exceptional case such that the Plaintiff/Counter-Defendant Geotag should be required to pay Defendant/Counter-Plaintiff Mr. Gatti's reasonable attorney fees and costs in accordance with 35 U.S.C. § 285.

## PRAYER

Defendant/Counter-Plaintiff Mr. Gatti's requests a judgment from this Court including the following:

- a. a finding that Defendant/Counter-Plaintiff Mr. Gatti's has not infringed any valid claims of the '474 Patent;
- b. a finding of invalidity for all claims of the '474 Patent;
- c. a finding that this case is exceptional, and an order requiring Plaintiff/Counterclaim-Defendant Geotag to pay Defendant/Counter-Plaintiff Mr. Gatti's reasonable attorney fees in accordance with 35 U.S.C. § 285; and
- d. an order awarding Defendant/Counter-Plaintiff Mr. Gatti's all such other and further relief as is available, at law or in equity, that this Court deems just, equitable, and proper under the circumstances.

                                        Respectfully Submitted,

                                        CONLEY ROSE, P.C.

Date:  March 16, 2011                /s/ Stewart Mesher
                                        Stewart Mesher
                                        Attorney-in-Charge
                                        State Bar. No. 24032738
                                        CONLEY ROSE, P.C.
                                        2508 Ashley Worth Blvd., Suite 200
                                        Austin, TX 78738
                                        Phone:  (512) 610-3410
                                        Fax:  (512) 610-3456
                                        Email:  smesher@conleyrose.com

                                        Jonathan M. Pierce, Esq.
                                        State Bar. No. 24027744
                                        CONLEY ROSE, P.C.
                                        600 Travis, 71st Floor
                                        Houston, Texas 77002
                                        Phone: 713.238.8000
                                        Fax:  713.238.8008
                                        Email: jpierce@conleyrose.com

                                        Attorney for Defendant and Counter-Claimant,
                                        Mr. Gatti's, L.P.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of March, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case will send notification of this filing to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Stewart Mesher