**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

GEOTAG, INC.,

Plaintiff,

vs.

STARBUCKS CORP., ET AL.

Defendants.

Case No. 2:10-CV-572-TJW

**STARBUCKS CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT (#1)**

Defendant and Counterclaimant Starbucks Corporation ("Starbucks"), by and through its undersigned counsel, responds to the Plaintiff's ("GeoTag") Original Complaint (#1) ("Original Complaint") as follows:

**THE PARTIES**

1. Starbucks lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 1, and accordingly denies the same.

2. Admitted.

3. – 50. Starbucks lacks knowledge and information sufficient to form a belief about the truth of the allegations in each respective paragraph 3 - 50, and accordingly denies the same.

**JURISDICTION AND VENUE**

51. Starbucks admits that this Court has subject matter and personal jurisdiction over the plaintiff's purported claims for patent infringement against Starbucks, and also admits that the United States Patent Laws are codified in Title 35 of the United States Code. Starbucks admits that it has an interactive website that is available for use within this forum, but denies all remaining allegations in paragraph 51 that are directed to Starbucks. To the extent the allegations in paragraph 51 are directed at other defendants, Starbucks lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

52. Starbucks admits that venue is proper in the Eastern District of Texas, but denies that the Eastern District of Texas is the most convenient forum for this action. Moreover, Starbucks denies that GeoTag's infringement claims arise directly from Starbucks' business contacts in and other activities in the State of Texas and the Eastern District of Texas. Starbucks

admits that it has an interactive website that is available for use within this forum, but denies all remaining allegations in paragraph 52 that are directed to Starbucks. To the extent the allegations in paragraph 52 are directed at other defendants, Starbucks lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

53. Starbucks admits that Judge Everingham previously construed certain claim terms in U.S. Patent No. 5,930,474 ("the '474 patent") in *Geomas (Int'l) Ltd. v. Idearc Media Services-West, Inc.*, No. 2:06-CV-475 (E. D. Tex. Nov. 20, 2008), but denies the remaining allegations in paragraph 53.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 5,930,474**

54. Starbucks admits that the '474 patent indicates on its face that it is entitled "Internet Organizer for Accessing Geographically and Topically Based Information," but denies that the '474 patent was duly and legally issued on July 29, 1999. Starbucks lacks knowledge and information sufficient to form a belief about the truth of any remaining allegations in paragraph 54, and therefore denies the same.

55. Starbucks lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 55, and accordingly denies the same.

56. Starbucks denies the allegations in paragraph 56 because they state a legal conclusion that is premature given the absence of a claim construction order in this case.

57. Starbucks denies all portions of paragraph 57 that are directed at Starbucks. To the extent the allegations in paragraph 57 are directed at other defendants, Starbucks lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

58. Denied.

59. – 88. Starbucks lacks knowledge and information sufficient to form a belief about the truth of the allegations in each respective paragraph 59 - 88, and accordingly denies the same.

89. Starbucks denies all portions of paragraph 89 that are directed at Starbucks. To the extent the allegations in paragraph 89 are directed at other defendants, Starbucks lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

90. Starbucks denies all portions of paragraph 90 that are directed at Starbucks. To the extent the allegations in paragraph 90 are directed at other defendants, Starbucks lacks knowledge and information sufficient to form a belief about the truth of those allegations, and accordingly denies the same.

**PRAYER FOR RELIEF**

91. Starbucks opposes the relief requested or any other relief GeoTag may request.

**DEMAND FOR JURY TRIAL**

92. Starbucks also demands a trial by jury on all issues so triable.

**DENIAL OF ANY REMAINING ALLEGATIONS**

93. Except as specifically admitted herein, Starbucks denies any remaining allegations in the plaintiff's Original Complaint that are directed at Starbucks.

**AFFIRMATIVE DEFENSES**

Incorporating by reference the foregoing paragraphs in their entirety, Starbucks, as its Affirmative Defense to the Original Complaint of GeoTag, states as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

94. GeoTag's claims for relief and each and every one of its allegations fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(No Infringement)**

95. Starbucks does not infringe and has not infringed any valid and enforceable claim of the '474 patent.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity)**

96. Claims of the '474 patent are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

**FOURTH AFFIRMATIVE DEFENSE**
**(Laches)**

97. GeoTag's claims are barred, in whole or in part, by laches.

**FIFTH AFFIRMATIVE DEFENSE**
**(Waiver)**

98. GeoTag's claims are barred, in whole or in part, by waiver.

**SIXTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

99. GeoTag's claims are barred, in whole or in part, by estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

100. GeoTag's claims are limited by 35 U.S.C. § 286.

**EIGHT AFFIRMATIVE DEFENSE**
**(Notice)**

101. GeoTag's claims are limited by 35 U.S.C. § 287.

**RESERVATION OF AFFIRMATIVE DEFENSES**

102. Starbucks hereby reserves the right to supplement with additional affirmative defenses as discovery proceeds in this matter.

**COUNTERCLAIMS**

Incorporating by reference the foregoing paragraphs in their entirety, Starbucks asserts the following counterclaims against GeoTag:

**PARTIES**

1. Counterclaim Plaintiff, Starbucks Corporation ("Starbucks") has a principal place of business in Seattle, Washington.

2. On information and belief based on the plaintiff's Original Complaint, Counterclaim Defendant, GeoTag, is a Delaware Corporation with a place of business in Plano, Texas.

**JURISDICTION**

3. These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act. The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

**VENUE**

4. While Starbucks does not concede that venue is proper in this district with respect to the action brought by GeoTag, should that action remain in this district, venue on these counterclaims is proper in this district under 28 U.S.C. §§ 1391 and 1400 because GeoTag alleges that its place of business is located in this district.

**COUNT I – DECLARATION OF NONINFRINGEMENT**

5. Based on GeoTag's filing of this action and Starbucks' Affirmative Defenses, an actual controversy has arisen and now exists between GeoTag and Starbucks as to whether Starbucks has infringed or is infringing U.S. Patent No. 5,930,474 ("the '474 patent").

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Starbucks requests the declaration of the Court that Starbucks does not infringe and has not infringed any valid and enforceable claim of the '474 patent.

**COUNT II – DECLARATION OF PATENT INVALIDITY**

7. Based on GeoTag's filing of this action and Starbucks' Affirmative Defenses, an actual controversy has arisen and now exists between GeoTag and Starbucks as to the validity of the '474 patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Starbucks requests the declaration of the Court that the '474 patent is invalid.

**JURY DEMAND**

9. Starbucks respectfully demands a trial by jury.

**PRAYER FOR RELIEF**

Starbucks respectfully requests a judgment against GeoTag as follows:

A. A declaration that Starbucks does not infringe and has not infringed any valid and enforceable claim of the '474 patent;

B. A declaration that the '474 patent is invalid;

C. That GeoTag take nothing by its Original Complaint;

D. That the Court enter judgment against GeoTag and in favor of Starbucks and that GeoTag's Original Complaint be dismissed with prejudice;

E. That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and enter a judgment awarding Starbucks its costs and reasonable attorneys' fees; and

F. That the Court grant Starbucks whatever further relief the Court may deem just and proper.

Date: March 25, 2011

Respectfully submitted,

Danny L. Williams

Danny L. Williams
Lead Counsel
State Bar No. 21518050
Terry D. Morgan
State Bar No. 14452430
Brian K. Buss
State Bar No. 00798089
Michael A. Benefield
Texas State Bar No. 24073408
Indiana State Bar No. 24560-49
**WILLIAMS, MORGAN & AMERSON**
10333 Richmond Avenue, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Fax: (713) 934-7011
danny@wmalaw.com
terry@wmalaw.com
mbenefield@wmalaw.com

**ATTORNEYS FOR DEFENDANT STARBUCKS CORP.**

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on March 25, 2011, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ Riny Pieternelle
Litigation Paralegal