**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**GEOTAG, INC.,**

Plaintiff,

**v.**

**STARBUCKS CORP., ET AL,**

Defendants.

**CIVIL ACTION NO. 2:10-cv-572**

**JURY TRIAL DEMANDED**

**DEFENDANT BRINKER INTERNATIONAL, INC.'S**
**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Brinker International, Inc. ("Brinker") hereby submits its answer, affirmative defenses and counterclaims to Plaintiff GeoTag, Inc.'s ("GeoTag") Complaint for Patent Infringement ("Complaint") as follows:

**PARTIES**

1. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the same.

4. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the same.

5. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6. Brinker denies that Brinker does business as Romano's Macaroni Grill, but admits the remaining allegations contained in paragraph 6 of the Complaint.

7. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies the same.

20. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies the same.

21. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

25. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies the same.

26. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

27. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies the same.

28. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies the same.

29. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore denies the same.

30. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies the same.

31. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies the same.

33. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore denies the same.

34. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore denies the same.

35. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore denies the same.

36. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore denies the same.

37. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore denies the same.

38. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore denies the same.

39. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore denies the same.

40. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and therefore denies the same.

41. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and therefore denies the same.

42. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore denies the same.

43. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and therefore denies the same.

44. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and therefore denies the same.

45. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and therefore denies the same.

46. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and therefore denies the same.

47. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and therefore denies the same.

48. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and therefore denies the same.

49. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and therefore denies the same.

50. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

51. Brinker admits that the Complaint purports to set forth an action arising under the patent laws of the United States, Title 35, United States Code. Brinker admits that subject-matter jurisdiction is proper to this action only pursuant to 28 U.S.C. §§ 1331 and 1338(a) as the Complaint purports to set forth a civil action for patent infringement arising under the United States' patent statutes. Brinker admits that it has transacted business in this district. Brinker further admits that it is subject to personal jurisdiction. Brinker denies, however, that it has committed, induced, and/or contributed to acts of patent infringement in this district, or elsewhere, under any theory. Brinker lacks knowledge or information sufficient to confirm or deny the allegations contained in paragraph 51 of the Complaint against the other defendants and therefore denies the same. Except as expressly admitted, Brinker denies each and every remaining allegation contained in paragraph 51 of the Complaint.

52. Brinker admits that venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Brinker admits that it has transacted business in this district. Brinker further admits that it is subject to personal jurisdiction. Brinker denies, however, that it has committed, induced, and/or contributed to acts of patent infringement in this district, or elsewhere, under any theory. Brinker lacks knowledge or information sufficient to confirm or deny the allegations contained in paragraph 52 of the Complaint against the other defendants and therefore denies the same. Except as expressly admitted, Brinker denies each and every remaining allegation contained in paragraph 52 of the Complaint.

53. Brinker admits that this Court has previously considered the ’474 Patent in the Geomas Lawsuit and issued a Memorandum Opinion and Order construing some but not all claim terms of the ’474 Patent on November 20, 2008. Except as expressly admitted, Brinker denies each and every remaining allegation contained in paragraph 53 of the Complaint.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,930,474**

54. Brinker admits that U.S. Patent No. 5,930,474 (“the ’474 Patent”) is entitled “Internet Organizer for Accessing Geographically and Topically Based Information,” and that the issue date listed on the face of said patent is July 29, 1999. Except as expressly admitted, Brinker denies each and every remaining allegation contained in paragraph 54 of the Complaint.

55. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and therefore denies the same.

56. Paragraph 56 of the Complaint regarding the coverage of the claims of the patent-in-suit is not a factual allegation but rather a legal conclusion that requires no answer. Further, the patent-in-suit and its claims speak for themselves. Brinker denies any remaining allegations contained in paragraph 56.

57. Brinker denies the allegations in this paragraph to the extent that they are applicable to Brinker. Brinker lacks knowledge or information sufficient to confirm or deny the allegations contained in paragraph 57 of the Complaint against the other defendants and therefore denies the same.

58. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and therefore denies the same.

59. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and therefore denies the same.

60. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and therefore denies the same.

61. Brinker denies the allegations in paragraph 61 of the Complaint.

62. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and therefore denies the same.

63. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and therefore denies the same.

64. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and therefore denies the same.

65. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and therefore denies the same.

66. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and therefore denies the same.

67. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and therefore denies the same.

68. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint and therefore denies the same.

69. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and therefore denies the same.

70. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and therefore denies the same.

71. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint and therefore denies the same.

72. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and therefore denies the same.

73. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and therefore denies the same.

74. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint and therefore denies the same.

75. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and therefore denies the same.

76. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint and therefore denies the same.

77. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint and therefore denies the same.

78. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint and therefore denies the same.

79. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint and therefore denies the same.

80. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint and therefore denies the same.

81. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint and therefore denies the same.

82. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint and therefore denies the same.

83. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint and therefore denies the same.

84. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint and therefore denies the same.

85. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint and therefore denies the same.

86. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint and therefore denies the same.

87. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint and therefore denies the same.

88. Brinker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint and therefore denies the same.

89. Brinker denies the allegations in this paragraph to the extent that they are applicable to Brinker. Brinker lacks knowledge or information sufficient to confirm or deny the allegations contained in paragraph 89 of the Complaint against the other defendants and therefore denies the same.

90. Brinker denies the allegations in this paragraph to the extent that they are applicable to Brinker. Brinker lacks knowledge or information sufficient to confirm or deny the allegations contained in paragraph 90 of the Complaint against the other defendants and therefore denies the same.

## PLAINTIFF'S PRAYER FOR RELIEF

Brinker denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, or any other relief, from Brinker.

## AFFIRMATIVE DEFENSES

Brinker alleges and asserts the following defenses in response to the allegations of Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Brinker reserves all rights to allege

additional defenses that become known through the course of discovery, including instances of inequitable conduct.

**FIRST AFFIRMATIVE DEFENSE**

91. Plaintiff's Complaint fails to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

92. Brinker does not directly infringe, and has not directly infringed, literally or under the doctrine of equivalents, any of the claims of the '474 Patent pursuant to 35 U.S.C. § 27l(a).

**THIRD AFFIRMATIVE DEFENSE**

93. Brinker does induce infringement or contributorily infringe, and has not induced infringement or contributorily infringed, any claims of the '474 Patent pursuant to 35 U.S.C. § 271(b) or (c).

**FOURTH AFFIRMATIVE DEFENSE**

94. Brinker does not willfully infringe, and has not willfully infringed, any of the claims of the '474 Patent.

**FIFTH AFFIRMATIVE DEFENSE**

95. On information and belief, and without prejudice to further amendment upon information found during discovery, each claim of the '474 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SIXTH AFFIRMATIVE DEFENSE**

96. Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel. Upon information and belief, because of actions taken during the prosecution of the applications that

resulted in the ’474 Patent, including amendment, cancellation, or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee, Plaintiff is estopped from claiming a construction of the ’474 Patent that would cause any valid claim to cover or include any method or system made, used, offered for sale, sold, or imported by Brinker.

**SEVENTH AFFIRMATIVE DEFENSE**

97. On information and belief, any claim for damages for patent infringement of the ’474 Patent against Brinker is barred, in whole or in part, by the doctrines of laches, waiver, acquiescence and/or estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

98. Upon information and belief, to the extent Plaintiff may be entitled to damages, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. §§ 286 and 287 to those damages occurring only after notice of infringement.

**NINTH AFFIRMATIVE DEFENSE**

99. Plaintiff cannot satisfy the requirements for injunctive relief because, *inter alia*, any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law for the claims alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

100. Plaintiff’s claims are barred in whole or in part based on the doctrine of patent exhaustion.

**COUNTERCLAIMS FOR DECLARATORY RELIEF**

For its counterclaims against GeoTag, Brinker alleges the following:

1. Brinker is a corporation organized under the laws of Delaware, with a principal place of business at 6820 LBJ Freeway, Dallas, Texas 75240.

2. On information and belief, GeoTag is a Delaware Corporation with a place of business in Plano, Texas. GeoTag purports to own the '474 Patent.

**JURISDICTION AND VENUE**

3. The Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.* and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 in combination with 28 U.S.C. §§ 2201 and 2202.

5. Jurisdiction over the subject matter of the controversy, personal jurisdiction, and venue are coextensive with the Complaint and this Answer and Counterclaims.

6. An actual controversy exists under the Declaratory Judgment Act because GeoTag has alleged and is alleging infringement of the '474 Patent by Brinker and Brinker denies those assertions.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

7. Brinker incorporates what is set out in the preceding paragraphs as if fully set forth herein.

8. An actual and justifiable controversy exists between Brinker and GeoTag with respect to the non-infringement of the '474 Patent. Absent a declaration of non-infringement, GeoTag will continue to wrongfully allege infringement of the '474 Patent against Brinker, and thereby cause Brinker irreparable injury and damage.

9. Brinker does not infringe and has not infringed any valid claim of the ’474 Patent literally, directly, willfully, indirectly (such as contributorily or by way of inducement), under the doctrine of equivalents or otherwise, and is entitled to a declaration to that effect.

10. This is an exceptional case entitling Brinker to an award of its attorneys’ fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNT II**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’474 PATENT**

11. Brinker incorporates what is set out in the preceding paragraphs as if fully set forth herein.

12. An actual and justifiable controversy exists between Brinker and GeoTag with respect to the invalidity of the ’474 Patent. Absent a declaration of invalidity, GeoTag will continue to wrongfully allege infringement of the ’474 Patent against Brinker, and thereby cause Brinker irreparable injury and damage.

17. The ’474 Patent is invalid under the provisions of 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112, and Brinker is entitled to a declaration to that effect.

18. This is an exceptional case entitling Brinker to an award of its attorneys’ fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Brinker respectfully requests that this Court enter judgment in favor and grant the following relief:

a. A judgment in favor of Defendant Brinker and against Plaintiff on all claims for relief contained in the Complaint;

b. A judgment that the Complaint herein be dismissed with prejudice and with all costs taxed against Plaintiff;

c. A declaration that Brinker has not infringed any claims of U.S. Patent No. 5,930,474;

d. A declaration that U.S. Patent No. 5,930,474 is invalid and unenforceable;

e. An order finding this case exceptional and awarding to Brinker its costs of suit and reasonable attorneys' fees, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

f. That the Court award Defendant Brinker any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Brinker demands a trial by jury of all issues so triable.

Dated: March 28, 2011

Respectfully submitted,

/s/ John L. Hendricks
John L. Hendricks (TX00785954)
E-mail: jhendricks@hitchcockevert.com
Megan M. O'Laughlin (TX24013263)
E-mail: molaughlin@hitchcockevert.com
John T. Tower (TX24045362)
E-mail: jtower@hitchcockevert.com
HITCHCOCK EVERT LLP
750 North St. Paul Street, Suite 1110
Dallas, Texas 75201
Telephone: (214) 953-1111
Facsimile: (214) 953-1121

ATTORNEYS FOR DEFENDANT
BRINKER INTERNATIONAL, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 28th day of March, 2011. Any other counsel of record will be served by first class mail.

/s/ John L. Hendricks
John L. Hendricks