**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:10-cv-00572 |
| | § | |
| STARBUCKS CORP., et al., | § | |
| | § | |
| Defendants. | § | |

**THE APPLEBEE'S PARTIES' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendants Applebee's International, Inc. and Applebee's IP, LLC (collectively "the Applebee's Parties") respond to Plaintiff Geotag, Inc.'s ("Geotag" or "Plaintiff") Complaint for Patent Infringement [D.I. 1] ("Complaint") as follows:

**I.    THE PARTIES**

1-20.   The Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1-20, inclusive, of the Complaint and therefore deny the same.

21.   In response to paragraph 21 of the Complaint, the Applebee's Parties admit that Applebee's International, Inc. has a place of business in Lenexa, Kansas.

22.   In response to paragraph 22 of the Complaint, the Applebee's Parties admit that Applebee's IP, LLC has a place of business in Lenexa, Kansas.

23-50.   The Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 23-50, inclusive, of the Complaint and therefore deny the same.

479594.1

**JURISDICTION AND VENUE**

51.     In response to paragraph 51 of the Complaint, the Applebee's Parties admit that this action purports to arise from the patent laws of the United States, Title 35 of the United States Code.  The Applebee's Parties further admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and that they are subject to the jurisdiction of this Court for purposes of this action.  The Applebee's Parties deny the remainder of the allegations set forth in paragraph 51 of the Complaint.  As to defendants other than the Applebee's Parties, the Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint, and therefore, deny the same.

52.     In response to paragraph 52 of the Complaint, the Applebee's Parties admit that venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  The Applebee's Parties admit they transact business within the State of Texas.  The Applebee's Parties deny the remainder of the allegations set forth in paragraph 52 of the Complaint.  As to defendants other than the Applebee's Parties, the Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint, and therefore, deny the same.

53.     The Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint and therefore deny the same.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,930,474**

54.     In response to paragraph 54 of the Complaint, the Applebee's Parties admit that on the face of United States Patent No. 5,930,474 ("the '474 patent"), it states the title "Internet Organizer for Accessing Geographically and Topically Based Information," and states that it

issued on July 29, 1999. The Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 54 of the Complaint and therefore deny the same.

55. The Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 55 of the Complaint and therefore deny the same.

56. The Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint and therefore deny the same.

57. The Applebee's Parties deny each and every allegation contained in paragraph 57 of the Complaint. As to defendants other than the Applebee's Parties, the Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint, and therefore deny the same.

58-70. The Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 58-70, inclusive, of the Complaint and therefore deny the same.

71. The Applebee's Parties deny each and every allegation contained in paragraph 71 of the Complaint.

72-88. The Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 72-88, inclusive, of the Complaint and therefore deny the same.

89. To the extent paragraph 89 contains allegations against the Applebee's Parties, the Applebee's Parties deny each and every allegation contained in paragraph 89 of the Complaint. As to defendants other than the Applebee's Parties, the Applebee's Parties are without

information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint, and therefore deny the same.

90. The Applebee's Parties deny each and every allegation contained in paragraph 90 of the Complaint. As to defendants other than the Applebee's Parties, the Applebee's Parties are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint, and therefore deny the same.

## DEMAND FOR JURY TRIAL

The Applebee's Parties also demand a trial by jury of any issues so triable by right pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

The Applebee's Parties assert the following affirmative defenses to the Complaint:

### First Affirmative Defense

91. Geotag has failed to state a claim against the Applebee's Parties on which relief may be granted.

### Second Affirmative Defense

92. Geotag's claims are barred, in whole or in part, by the equitable doctrine of laches, unclean hands and/or waiver.

### Third Affirmative Defense

93. The Applebee's Parties have not infringed, nor are they infringing any of the asserted claims of the '474 Patent either directly, indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents for reasons including, but not limited to, that the Applebee's Parties do not use the accused system, and because multiple actors that are not under the direction and control of the Applebee's Parties carry out the accused functionalities.

### **Fourth Affirmative Defense**

94. The asserted claims of the '474 Patent are invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### **Fifth Affirmative Defense**

95. Geotag's claims are barred, in whole or in part, by its failure to mark or otherwise provide notice of the '474 Patent.

## **COUNTERCLAIMS**

For its Counterclaims, Applebee's International, Inc. and Applebee's IP, LLC (collectively "the Applebee's Parties") claim and allege upon Plaintiff as follows:

1. The Applebee's Parties incorporate by reference paragraphs 1 through 95 of their Answer and Affirmative Defenses.

2. These Counterclaims are asserted under Rule 13 of the Federal Rules of Civil Procedure, and also under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter of the Counterclaims pursuant to 28 U.S.C. §§ 1338(a) and 2201. Venue is based on 28 U.S.C. §§ 1391 and 1400.

3. Applebee's International, Inc. is a Delaware corporation with a principal place of business at 11201 Renner Blvd., Lexana, Kansas 66719.

4. Applebee's IP, LLC is a Delaware corporation with a principal place of business at 11201 Renner Blvd., Lexana, Kansas 66719.

5. Upon information and belief, Geotag, Inc. ("Geotag") is a Delaware Corporation with its principal place of business Plano, Texas.

6. In its Complaint, Geotag charges the Applebee's Parties with infringement of the '474 Patent.

## COUNT I

**[Declaratory Judgment of Non-Infringement]**

7. The Applebee's Parties incorporate by reference, paragraphs 1 through 6 of their Counterclaims.

8. An actual controversy exists between Geotag and the Applebee's Parties as to the alleged infringement of the '474 Patent.

9. The Applebee's Parties have not infringed, nor are they infringing, any of the asserted claims of the '474 Patent either directly, or indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents.

## COUNT II

**[Declaratory Judgment of Invalidity]**

10. The Applebee's Parties incorporate by reference, paragraphs 1 through 6 of their Counterclaims.

11. An actual controversy exists between Geotag and the Applebee's Parties as to the validity of the '474 Patent.

12. The asserted claims of the '474 Patent are invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## JURY DEMAND

The Applebee's Parties demand a trial by jury on their Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, the Applebee's Parties respectfully request that this Court enter:

a. judgment that Geotag takes nothing by its Complaint and dismiss the same with prejudice;

b. judgment that the asserted claims of the' 474 Patent are invalid;

  c. judgment that the Applebee's Parties have not infringed, nor are they infringing, either directly or indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents, any of the asserted claims of the '474 Patent;

  d. judgment in favor of the Applebee's Parties that this is an exceptional case and awarding the Applebee's Parties their reasonable attorneys fees pursuant to 35 U.S.C. § 285; and

  e. an award for any other and further relief as this Court may deem just and proper.

March 28, 2011         Respectfully submitted,

             /s/ *Trey Yarbrough*
             Trey Yarbrough
             Bar No. 22133500
             Debby E. Gunter
             Bar No. 24012752
             YARBROUGH ♦ WILCOX, PLLC
             100 E. Ferguson St., Ste. 1015
             Tyler, TX  75702
             Telephone: (903) 595-3111
             Facsimile: (903) 595-0191
             trey@yw-lawfirm.com
             debby@yw-lawfirm.com

             Anthony F. Lo Cicero
             Richard S. Mandaro
             Benjamin Charkow
             AMSTER ROTHSTEIN & EBENSTEIN LLP
             90 Park Avenue
             New York, NY  10016
             Telephone:  (212) 336-8000
             Facsimile:  (212) 336-8001

             **ATTORNEYS FOR DEFENDANTS**
             **APPLEBEE'S INTERNATIONAL, INC.**
             **AND APPLEBEE'S IP, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 28th day of March, 2011. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/*Trey Yarbrough*
Trey Yarbrough