**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-00572-TJW |
| | § | |
| THE WESTERN UNION COMPANY, ET AL. | § | |
| | § | |
| DEFENDANTS. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO PIZZERIA UNO'S**
**MOTION TO DISMISS**

Pizzeria Uno's ("Uno") motion is wholly without merit and was filed solely to delay the proceedings in this case. The "clarification" that Uno seeks through its burdensome motion practice has already been provided to it in the form of a stipulation filed in this case and multiple e-mails, all confirming that <u>Geotag is not seeking damages for any activity by Uno that occurred prior to Uno's bankruptcy discharge</u>. For this reason, and to prevent further delay of Uno's answering the complaint, Uno's motion should be denied.

## I.       BACKGROUND

On January 27, 2011, Uno's counsel contacted Geotag seeking an "indefinite extension" of time to respond to Geotag's complaint. Schlather Decl. at Ex. A. Geotag declined Uno's request for an indefinite extension but stated that is was agreeable to a 30-day extension. *Id.* at Ex. B. Uno filed its unopposed motion for a 30-day extension on February 10, 2011. Dkt. No. 50. Importantly, Uno's new response deadline was March 14, 2011.

On February 26, 2011, Uno again sought additional time to respond. Schlather Decl. at Ex. C. Geotag declined Uno's request stating that "Geotag needs to get its lawsuit moving." *Id.* at Ex. D. In addition, and in the same e-mail, Geotag's counsel confirmed that:

> Geotag's claim against Uno is based upon Uno's present infringement of the '343 [sic] patent, and <u>it does not seek liability or damages relative to anything that was discharged in Uno's prior bankruptcy.</u>

*Id.* (emphasis added).   Uno responded to this e-mail by seeking "confirm[ation] that Geotag's complaint does not seek damages for anything prior to discharge, i.e., July 6, 2010." *Id*. at Ex. D. Uno also sought additional time to respond to Geotag's complaint.   *Id*.   Geotag immediately confirmed Uno's understanding:

> Based upon your representation that the defendant Pizzeria Uno Corp's ("Uno") debts were discharged in bankruptcy as of July 6, 2010, <u>it is confirmed that Geotag's claims against Uno seek no liability or damages from Uno prior to July 6, 2010.</u>

*Id*. at Ex E (emphasis added).   Geotag also declined Uno's request for an additional extension of time.  *Id*.

On March 10, 2011, Uno again contacted Geotag.   Uno confirmed that it was aware that Geotag was not seeking damages for "pre-discharge conduct."   *Id*. at Ex. F.   Uno also reiterated its request for an additional extension of time.   *Id*.   Geotag once again confirmed its position relative to Uno's discharge and also declined Uno's request for additional time to respond.   *Id*. at Ex. G.

In yet a further attempt to meet Uno's constantly changing demands, on March 13, 2011, Geotag filed a stipulation yet again making clear that it is not seeking liability or damages that occurred prior to Uno's bankruptcy discharge:

> Geotag's stipulates that its claims in this action against Uno seek no liability or damages from Uno prior to Uno's bankruptcy discharge, and that Geotag's claims against Uno relate only to infringement of the '343 [sic] patent occurring after Uno's bankruptcy discharge.

*Id*. at Ex. H (Dkt. No. 95).   Upon reviewing Geotag's stipulation Uno indicated that "the stipulation purports only to rely upon a mere representation of Uno <u>rather than the actual</u>

discharge injunction issued by the Southern District of New York" and that "the stipulation does not adequately address Uno's concerns." *Id*. at Ex. I (emphasis added). Uno did not indicate why reliance on the representations of Uno and its counsel were not sufficient to address its "concerns."

Following up immediately on Uno's purported "concerns," Geotag filed an amended stipulation, which set forth Geotag's position:

> Based upon the foregoing discharge injunction issued by the Southern District of New York, Geotag's stipulates that its claims in this action against Uno seek no liability or damages from Uno prior to Uno's bankruptcy discharge, and that Geotag's claims against Uno relate only to infringement of the '474 patent occurring after Uno's bankruptcy discharge.

*Id*. at Ex. J (Dkt. No. 116) (emphasis added). The amended stipulation clearly indicates that it is "based on the discharge injunction issued by the Southern District of New York." *Id*. This is the exact language that Uno previously requested. *See*, *Id*. at Ex. I. Nonetheless, Uno again objected to Geotag's amended stipulation:

> I will share this with my bankruptcy person, but I can see already that the stipulation still purports to rely on a representation from me. There is no need for it to do so.

*Id* at Ex. K. So, even though Geotag addressed Uno's purported concern (*i.e.*, reliance on the "actual discharge injunction"), Uno once again moves the target. Uno also once again objects to Geotag's reliance on its counsel's representations.

Even after Geotag informed Uno that the amended stipulation was in accordance with Uno's prior requests, Uno still continued to object Geotag's language:

> The stipulation continues to purport to refer to a representation and it need only refer to what is a matter of record with the Southern District of New York.

*Id*. at Ex. L.   Again, Uno offered no explanation as to why Geotag's reference to "a representation" was problematic or legally insufficient.  This time, however, Uno offered to draft a stipulation that it would find satisfactory.  *Id*.

Just hours prior to the deadline for filing its response to Geotag's complaint and less than thirty minutes prior to the filing of its motion, Uno provided a draft stipulation.  *Id*. at Ex. M. Contrary to its prior representations that its only issue related to the "representation" language, Uno's draft stipulation purported to amend Geotag's complaint:

> Plaintiff Geotag, Inc. ("Geotag") and Defendant Pizzeria Uno Corp. ("Uno") hereby submit the following stipulation to amend the complaint with the intent to be bound thereby
>  . . .
> Accordingly, the Complaint in this case is herewith AMENDED by deleting paragraph 88 and substituting the following therefore

*Id*. at Ex. M.  While never mentioning this as part of its strategy, this draft stipulation makes clear that Uno's goal from the beginning was to either browbeat Geotag into granting it additional time to respond or to force Geotag to amend its complaint thereby giving Uno an additional 20 days to respond.

Ultimately realizing that Geotag was not interested in more gamesmanship or delay, Uno filed the instant motion, which could have no possible goal other than to delay Uno's response to the Complaint.

## II.    UNO HAS RECEIVED THE ASSURANCES IT SEEKS

Uno purports to seek only a "clarification" in its motion:

> Uno seeks only a clarification as to when the alleged infringing activity began, and the time periods for which the plaintiff seeks to recover from Uno.

Uno's Motion at 7.  Geotag has provided this information repeatedly to Uno including on at least

the following occasions:

| February 26, 2011 | Geotag's claim against Uno is based upon Uno's present infringement of the '343 [sic] patent, and it does not seek liability or damages relative to anything that was discharged in Uno's prior bankruptcy. | Schlather Decl. at Ex. D |
|---|---|---|
| February 26, 2011 | Based upon your representation that the defendant Pizzeria Uno Corp's ("Uno") debts were discharged in bankruptcy as of July 6, 2010, it is confirmed that Geotag's claims against Uno seek no liability or damages from Uno prior to July 6, 2010. | Schlather Decl. at Ex. E |
| March 13, 2011 | Geotag's stipulates that its claims in this action against Uno seek no liability or damages from Uno prior to Uno's bankruptcy discharge, and that Geotag's claims against Uno relate only to infringement of the '343 [sic] patent occurring after Uno's bankruptcy discharge. | Schlather Decl. at Ex. H (Dkt. No. 95) |
| March 14, 2011 | Based upon the foregoing discharge injunction issued by the Southern District of New York, Geotag's stipulates that its claims in this action against Uno seek no liability or damages from Uno prior to Uno's bankruptcy discharge, and that Geotag's claims against Uno relate only to infringement of the '474 patent occurring after Uno's bankruptcy discharge. | Schlather Decl. at Ex. J (Dkt. No. 116) |

Geotag has made more than reasonable efforts to appease Uno's constantly changing position with regard to what it requires in terms of a representation or stipulation.  On several occasions during e-mail exchanges, <u>Geotag has made clear that it is not seeking liability or damages that occurred prior to the bankruptcy discharge</u>.  Since Uno refused, without explanation, to accept Getoag's clear and unambiguous declarations, Geotag took the further step of filing two separate stipulations in an attempt to appease Uno and avoid unnecessary and wasteful motion practice.  Unfortunately, Uno had other intentions as evidenced by its constantly changing position, repeated demands for additional time to answer and its proposed stipulation purporting to "amend" Getoag's Complaint.

However, even Uno's draft stipulation does not provide any additional detail or clarification with regard to the nature and extent of Geotag's claims.  Substantively, it simply rephrases the language from Geotag's prior stipulations.  The notable difference being that Uno's draft purports to unnecessarily amend Geotag's complaint.  Regardless, the assurances and clarifications that Uno seeks in its proposed stipulation are all contained in the e-mails and stipulations that Geotag has provided to Uno.

In addition, Uno has failed to cite any authority suggesting that Geotag's representations – both in the form of stipulations filed with the Court or in the form of e-mails to counsel – are insufficient to make clear that Geotag does not seek to impose any liability or recover any damages for actions Uno undertook prior to its discharge in bankruptcy.

### III.   UNO MERELY SEEKS TO DELAY ITS SUBSTANTIVE RESPONSE

Uno's constantly shifting demands make obvious that the sole purpose of Uno's charade is to indefinitely extend its deadline to substantively respond.  Uno has not cited a single

authority suggesting that Geotag's assurances, confirmations and stipulation are insufficient to accomplish Uno's alleged purpose clarifying that Geotag does not seek pre-discharge liability.

Uno's present motion is nothing more than a transparent attempt to delay its substantive response to Geotag's claims.  It is clear from Uno's initial request for an "indefinite extension," that Uno's ultimate goal in this case is simply to delay.  Geotag has gone far beyond what is required to address Uno's concerns and, at each turn, Uno conjures yet another reason that Geotag's multiple confirmations and stipulations are not adequate.  Uno has sought multiple extensions of time in this case but has yet to give any reasonable explanation as to why such additional time is necessary.  In fact, the filing of Uno's motion alone further delays Uno's substantive response to the Complaint and underscores Uno's ultimate goal – to delay its substantive response.  The Court should not condone such gamesmanship.  It is time for Uno to get its answer on file and move forward with the merits of this case.

### III.   CONCLUSION

For the reasons set forth above, Uno's motion should be denied.


March 31, 2011                              Respectfully submitted,

                                           GEOTAG, INC.

                                           By: /s/ Stephen F. Schlather
                                           John J. Edmonds – Lead Counsel
                                           Texas Bar No. 789758
                                           Michael J. Collins
                                           Texas Bar No. 4614510
                                           Stephen F. Schlather
                                           Texas Bar No. 24007993
                                           COLLINS, EDMONDS & POGORZELSKI,
                                           PLLC
                                           1616 S. Voss Road, Suite 125
                                           Houston, Texas 77057
                                           Telephone: (281) 501-3425

Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com

L. Charles van Cleef
Texas Bar No. 786305
Van Cleef Law Office
500 N Second Street
Longview, Texas 75601
(903) 238-8244
(903) 248-8249 Facsimile
charles@vancleef.net

ATTORNEYS FOR PLAINTIFF
GEOTAG, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

March 31, 2011                                    /s/ Stephen Schlather
                                                  Stephen Schlather