**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| PLAINTIFF, | § | CIVIL ACTION NO. 2:10-cv-00572-TJW |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| THE WESTERN UNION COMPANY, ET AL. | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |

**DECLARATION OF STEPHEN F. SCHLATHER**

I, **STEPHEN F. SCHLATHER**, declare under penalty of perjury as follows:

1.  My name is Stephen F. Schlather. I am over the age of twenty-one (21) years, am competent to testify on the matters stated herein, have personal knowledge of the facts and statements in this declaration and declare that each of the facts is true and correct.

2.  I am a shareholder at the law firm of Collins, Edmonds & Pogorzelski, PLLC and am counsel of record for Plaintiff, Geotag, Inc. ("Geotag") in the above-referenced matter.

3.  Attached hereto as Exhibit A is a true and correct copy of an e-mail sent by C. Vrountas on January 27, 2011.

4.  Attached hereto as Exhibit B is a true and correct copy of an e-mail sent by J. Edmonds on January 27, 2011.

5.  Attached hereto as Exhibit C is a true and correct copy of an e-mail sent by C. Vrountas on February 26, 2011.

6.     Attached hereto as Exhibit D is a true and correct copy of an e-mail sent by J. Edmonds at February 26, 2011.

7.     Attached hereto as Exhibit E is a true and correct copy of an e-mail sent by J. Edmonds at February 26, 2011.

8.     Attached hereto as Exhibit F is a true and correct copy of  an e-mail sent by C. Vrountas on March 10, 2011.

9.     Attached hereto as Exhibit G is a true and correct copy of an e-mail sent by J. Edmonds at March 10, 2011.

10.    Attached hereto as Exhibit H is a true and correct copy of a stipulation filed by Geotag on March 13, 2011 (Dkt. No. 95).

11.    Attached hereto as Exhibit I is a true and correct copy of an e-mail sent by C. Vrountas on March 14, 2011.

12.    Attached hereto as Exhibit J is a true and correct copy of an amended stipulation filed by Geotag on March 14, 2011 (Dkt. No. 116).

13.    Attached hereto as Exhibit K is a true and correct copy of an e-mail sent by C. Vrountas on March 14, 2011.

14.    Attached hereto as Exhibit L is a true and correct copy of an e-mail sent by C. Vrountas on March 14, 2011.

15.    Attached hereto as Exhibit M is a true and correct copy of a proposed stipulation sent to Geotag by C. Vrountas on March 14, 2011.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Houston, Texas on this 31st day of March, 2011.


Stephen F. Schlather

# Exhibit A

**Subject: FW: Geotag v. Starbucks, et. al.**
**Date:** Thursday, March 31, 2011 3:13 PM
**From:** Steve Schlather <sschlather@cepiplaw.com>


**From:** Christopher T. Vrountas [mailto:CVrountas@nkms.com]
**Sent:** Thursday, January 27, 2011 1:15 PM
**To:** John Edmonds
**Subject:** Geotag v. Starbucks, et. al.

Dear John:

I represent Pizzeria Uno, one of the defendants in the above matter.  I called to speak with you this afternoon, but your assistant advised that I should email because that would allow you to be more responsive.  Hence, I write this email.

I would like to speak with you about Uno obtaining an extension of time to respond to the complaint.  I am asking for an indefinite extension at this point, although I would certainly check in with you on a regular basis to confirm status and next steps.  There are a number of procedural and substantive issues that make Uno substantially different from the other defendants which also may affect how this case proceeds, if at all, against the company.  We need additional time to sort these issues prior to responding to the complaint.

First, Uno filed a petition in bankruptcy a year ago.  That means this claim may fall under the jurisdiction of the Bankruptcy Court.  In addition, the fact of the filing of the petition in bankruptcy will likely eliminate most if not all potential exposure the for company.

Second, Uno has a service provider for its website.  Uno is in the process of reaching out to the service provider to determine any relevant facts and to determine the extent to which the service provider shall defend this claim directly.

Again, I would like the opportunity to discuss the above with you.  You can return my call at my cell line—617.893.9601 or at my direct dial number listed below.

In the meantime, please be advised that nothing herein shall be construed as any admission of liability or wrongdoing, or as any admission or concession as to any of the allegations contained in the complaint, all of which Uno expressly denies.  This communication is made solely to discuss how the parties may cooperate on procedural matters on a going forward basis and for no other reason.

Thank you for your attention to this matter.  I look forward to hearing from you soon.

Very truly yours,

Chris

 <http://www.nkms.com/>   Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY,P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com <http://www.nkms.com/>
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

------ End of Forwarded Message

# Exhibit B

**Subject: RE: Geotag v. Starbucks, et. al.**
**Date:** Thursday, January 27, 2011 1:33 PM
**From:** John Edmonds <jedmonds@cepiplaw.com>
**To:** Christopher T. Vrountas CVrountas@nkms.com
**Cc:** Steve Schlather sschlather@cepiplaw.com
**Conversation:** Geotag v. Starbucks, et. al.

Chris,

Thanks for your email below.  To the extent the Court might entertain an indefinite extension to respond to the complaint (which I doubt), Geotag would oppose it.  However, as a courtesy, Geotag does not oppose a 30 day extension for Pizzaria Uno to respond.  It appears that any bankruptcy proceedings involving Pizzaria Uno entities have concluded.  If you're aware of any automatic stays applicable to this case, please let us know ASAP.

If it is correct that any bankruptcy proceedings involving Pizzaria Uno entities have concluded, then I'm not understanding the basis for your assertion that "this claim may fall under the jurisdiction of the Bankruptcy Court."  Please elaborate on the basis for your assertion.

John J. Edmonds



713.364.5291

**From:** Christopher T. Vrountas [mailto:CVrountas@nkms.com]
**Sent:** Thursday, January 27, 2011 1:15 PM
**To:** John Edmonds
**Subject:** Geotag v. Starbucks, et. al.

Dear John:

I represent Pizzeria Uno, one of the defendants in the above matter.  I called to speak with you this afternoon, but your assistant advised that I should email because that would allow you to be more responsive.  Hence, I write this email.

I would like to speak with you about Uno obtaining an extension of time to respond to the complaint.  I am asking for an indefinite extension at this point, although I would certainly check in with you on a regular basis to confirm status and next steps.  There are a number of procedural and substantive issues that make Uno substantially different from the other defendants which also may affect how this case proceeds, if at all, against the company.  We need additional time to sort these issues prior to responding to the complaint.

First, Uno filed a petition in bankruptcy a year ago.  That means this claim may fall under the jurisdiction of the Bankruptcy Court.  In addition, the fact of the filing of the petition in bankruptcy will likely eliminate most if not all potential exposure the for company.

Second, Uno has a service provider for its website.  Uno is in the process of reaching out to the service provider to determine any relevant facts and to determine the extent to which the service provider shall defend this claim directly.

Again, I would like the opportunity to discuss the above with you.  You can return my call at my cell line—617.893.9601 or at my direct dial number listed below.

In the meantime, please be advised that nothing herein shall be construed as any admission of liability or wrongdoing, or as any admission or concession as to any of the allegations contained in the complaint, all of which Uno expressly denies.  This communication is made solely to discuss how the parties may cooperate on procedural matters on a going forward basis and for no other reason.

Thank you for your attention to this matter.  I look forward to hearing from you soon.

Very truly yours,

Chris



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY,P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

# Exhibit C

**Subject: RE: Geotag/Pizzaria Uno**
**Date:** Saturday, February 26, 2011 4:27 PM
**From:** Christopher T. Vrountas <CVrountas@nkms.com>
**To:** John Edmonds jedmonds@cepiplaw.com
**Cc:** Steve Schlather sschlather@cepiplaw.com
**Conversation:** Geotag/Pizzaria Uno

Hi John:  I was not seeking to make a baseless threat.  The complaint refers to a patent issued in 1999 and it provides for no time frame regarding its claim for damages.  Are you confirming that Geotag's complaint does not seek damages for anything prior to discharge, i.e., July 6, 2010?  If so, that may affect what Uno would need to file.  In any event, I believe we both agree that we should act quickly so that we can resolve the matter soon.

I should also add that I am preparing for trial now in another matter that will go forward in federal court in Maine on March 7.  That plus our discussions and the deadline now pending is putting a pinch in my time.  I was hoping an extension could provide me with more room for us to speak.  But, the best option may well be simply to resolve this matter without the need for any extensions or filings.

I will call your office now.  Hopefully we can speak and get the ball rolling.

Very truly yours,
Chris



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY,P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

---

**From:** John Edmonds [mailto:jedmonds@cepiplaw.com]
**Sent:** Saturday, February 26, 2011 5:14 PM
**To:** Christopher T. Vrountas
**Cc:** Steve Schlather
**Subject:** RE: Geotag/Pizzaria Uno

Mr. Vrountas,

Geotag's claim against Uno is based upon Uno's present infringement of the '343 patent, and it does not seek liability or damages relative to anything that was discharged in Uno's prior bankruptcy.  Geotag needs to get its lawsuit moving, and thus we oppose an additional extension for Uno to respond to the complaint.  Feel free to call me any time, but I do not take kindly to baseless threats.

John J. Edmonds


**CEP IP**

1616 S. Voss Road., Suite 125
Houston, Texas 77057
713.364.5291

jedmonds@cepiplaw.com

**From:** Christopher T. Vrountas [mailto:CVrountas@nkms.com]
**Sent:** Saturday, February 26, 2011 3:56 PM
**To:** John Edmonds
**Subject:** Geotag/Pizzaria Uno

Dear John:  Thanks for your emails.  Yes, we will have the attached signed and sent to you first thing Monday.

I appreciate that you wish to discuss settlement quickly and I agree we need to do so, but I am also concerned about the pending response deadline which I think should be extended at least one last time to facilitate our immediate discussions. I would like to put off the need for a response to the complaint because Uno's response would necessarily respond the fact that the current action is in contempt of the Discharge Injunction issued in the Uno's bankruptcy.  The motion to dismiss, the motion to stay, the motion to transfer, and motion for contempt to be filed in the Southern District of New York, all would be filed either on or shortly after the response deadline, and preparing such motions between now and then would seriously distract the parties from the settlement discussions we wish to pursue.  If we put off the response deadline, we can better focus on our discussions now and potentially avoid the expense of preparing such motions.

You had asked me to explain to you in one of your earlier emails below how the bankruptcy orders could affect this case.  I gave a brief explanation before, but here is a more detailed explanation to help clarify our situation.

As you know, Uno filed a petition in the Bankruptcy Court of the Southern District of New York on January 10, 2010.  The Bankruptcy Court confirmed the Plan of Reorganization of Uno on July 6, 2010.

By operation of law (section 1141 (d)(1)(A) of the Bankruptcy Code), and by the express provisions of the Plan and the order confirming the Plan, any claim by Geotag or related entities against Uno has been discharged.  It is no longer collectible. Second, not only is any debt discharged, but by operation of law (section 524 (a) of the Bankruptcy Code), and by the express provision of the Plan and the order confirming the Plan, creditors whose claims are discharged are perpetually enjoined from trying to pursue those claims. Failure to comply with that injunction is serious, and would constitute a contempt of Court, at the very least by Geotag.

If Geotag fails to remove Uno as a party, that could result in the entire action being stayed against all parties pending Uno's responsive motions. Moreover, any proceeding concerning the enforcement of a discharge injunction may be commenced in the Bankruptcy Court where the injunction was entered.

On top of this, we believe any reasonable calculation of a royalty would amount to very short dollars in any event.  There are, of course, a number of non-infringement and validity defenses further complicating any potential recovery.

All that said, my client would prefer to resolve this matter quickly rather than prepare for and eventually engage in protracted motion practice.  In the end, the Bankruptcy Court would likely grant my client its attorneys' for such motion practice, but that would also involve distraction and waste of time.

Obviously, the best way to avoid all this motion practice would be to settle quickly, but moving the current deadlines would certainly help the parties focus on settlement and conserve resources while engaging in their discussions.  I ask that you please reconsider your position not to extend the current response deadline.  We simply ask for one last extension of 30 days.

I look forward to speaking with you soon.  Please do not hesitate to contact me at my cell, 617.893.9601, or my direct dial below.  I will be reaching out to you on Monday in any event.

~~below. I will be reaching out to you on Monday, in any event.~~

**Very truly yours,**

**Chris Vrountas**



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY,P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

**From:** John Edmonds [mailto:jedmonds@cepiplaw.com]
**Sent:** Friday, February 25, 2011 10:11 AM
**To:** Christopher T. Vrountas
**Cc:** Steve Schlather
**Subject:** RE: Geotag/Pizzaria Uno

Chris,

Pardon me for forgetting -- Before we speak regarding a potential amicable resolution of the case, Geotag's SOP is to have a Rule 408 agreement/NDA in place.  I do not recall having one yet with Uno.  Attached is a proposed agreement for your client's consideration.  We'll need to get this in place before having any substantive settlement discussions.

John J. Edmonds

**CEPIP**

713.364.5291

**From:** John Edmonds
**Sent:** Friday, February 25, 2011 7:42 AM
**To:** 'Christopher T. Vrountas'
**Cc:** Steve Schlather
**Subject:** Geotag/Pizzaria Uno

Chris,

Thank you for your call.  I have been out of town in depositions, and I just received your message.  I will call you to discuss potential resolution of this case later today or early next week.  Your message also mentioned Uno getting a second extension to respond to the complaint.  Geotag has been generous with first extensions; however, our client wants to get these cases moving on the Court's docket, and thus we would be opposed to any second extensions of time to respond to the complaint.  Hopefully our clients can resolve this matter promptly, but it not, Uno should plan on responding to the complaint on its current due date.

John J. Edmonds[*]

**CEPIP**

1616 S. Voss Road., Suite 125
Houston, Texas 77057
~~713.364.5291~~

713.364.5291
jedmonds@cepiplaw.com

CONFIDENTIALITY STATEMENT:
The information contained in this electronic message and any attachments are intended for the exclusive use of the addressee(s) and may contain confidential or
privileged information.  If you are not the intended recipient, please notify the sender immediately and destroy all copies of this message and any attachments.  Thank you.

[*]Licensed to practice in Texas, California and before the USPTO.

# Exhibit D

**Subject: RE: Geotag/Pizzaria Uno**
**Date:** Saturday, February 26, 2011 4:13 PM
**From:** John Edmonds <jedmonds@cepiplaw.com>
**To:** Christopher T. Vrountas CVrountas@nkms.com
**Cc:** Steve Schlather sschlather@cepiplaw.com
**Conversation:** Geotag/Pizzaria Uno

Mr. Vrountas,

Geotag's claim against Uno is based upon Uno's present infringement of the '343 patent, and it does not seek liability or damages relative to anything that was discharged in Uno's prior bankruptcy.  Geotag needs to get its lawsuit moving, and thus we oppose an additional extension for Uno to respond to the complaint.  Feel free to call me any time, but I do not take kindly to baseless threats.


John J. Edmonds

**CEPIP**

1616 S. Voss Road., Suite 125
Houston, Texas 77057
713.364.5291
jedmonds@cepiplaw.com



**From:** Christopher T. Vrountas [mailto:CVrountas@nkms.com]
**Sent:** Saturday, February 26, 2011 3:56 PM
**To:** John Edmonds
**Subject:** Geotag/Pizzaria Uno

Dear John:  Thanks for your emails.  Yes, we will have the attached signed and sent to you first thing Monday.

I appreciate that you wish to discuss settlement quickly and I agree we need to do so, but I am also concerned about the pending response deadline which I think should be extended at least one last time to facilitate our immediate discussions.  I would like to put off the need for a response to the complaint because Uno's response would necessarily respond the fact that the current action is in contempt of the Discharge Injunction issued in the Uno's bankruptcy.  The motion to dismiss, the motion to stay, the motion to transfer, and motion for contempt to be filed in the Southern District of New York, all would be filed either on or shortly after the response deadline, and preparing such motions between now and then would seriously distract the parties from the settlement discussions we wish to pursue.  If we put off the response deadline, we can better focus on our discussions now and potentially avoid the expense of preparing such motions.

You had asked me to explain to you in one of your earlier emails below how the bankruptcy orders could affect this case.  I gave a brief explanation before, but here is a more detailed explanation to help clarify our situation.

As you know, Uno filed a petition in the Bankruptcy Court of the Southern District of New York on January 10, 2010.  The Bankruptcy Court confirmed the Plan of Reorganization of Uno on July 6, 2010.

By operation of law (section 1141 (d)(1)(A) of the Bankruptcy Code), and by the express provisions of the Plan and the order confirming the Plan, any claim by Geotag or related entities against Uno has been discharged.  It is no longer collectible. Second, not only is any debt discharged, but by operation of law (section 524 (a) of the Bankruptcy Code), and by the express provision of the Plan and the order confirming the Plan, creditors whose claims are discharged are

perpetually enjoined from trying to pursue those claims. Failure to comply with that injunction is serious, and would constitute a contempt of Court, at the very least by Geotag.

If Geotag fails to remove Uno as a party, that could result in the entire action being stayed against all parties pending Uno's responsive motions. Moreover, any proceeding concerning the enforcement of a discharge injunction may be commenced in the Bankruptcy Court where the injunction was entered.

On top of this, we believe any reasonable calculation of a royalty would amount to very short dollars in any event.  There are, of course, a number of non-infringement and validity defenses further complicating any potential recovery.

All that said, my client would prefer to resolve this matter quickly rather than prepare for and eventually engage in protracted motion practice.  In the end, the Bankruptcy Court would likely grant my client its attorneys' for such motion practice, but that would also involve distraction and waste of time.

Obviously, the best way to avoid all this motion practice would be to settle quickly, but moving the current deadlines would certainly help the parties focus on settlement and conserve resources while engaging in their discussions.  I ask that you please reconsider your position not to extend the current response deadline.  We simply ask for one last extension of 30 days.

I look forward to speaking with you soon.  Please do not hesitate to contact me at my cell, 617.893.9601, or my direct dial below.  I will be reaching out to you on Monday in any event.

Very truly yours,

Chris Vrountas



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY,P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

**From:** John Edmonds [mailto:jedmonds@cepiplaw.com]
**Sent:** Friday, February 25, 2011 10:11 AM
**To:** Christopher T. Vrountas
**Cc:** Steve Schlather
**Subject:** RE: Geotag/Pizzaria Uno

Chris,

Pardon me for forgetting -- Before we speak regarding a potential amicable resolution of the case, Geotag's SOP is to have a Rule 408 agreement/NDA in place.  I do not recall having one yet with Uno.  Attached is a proposed agreement for your client's consideration.  We'll need to get this in place before having any substantive settlement discussions.

John J. Edmonds
**CEPIP**
713.364.5291

**From:** John Edmonds
**Sent:** Friday, February 25, 2011 7:42 AM
**To:** 'Christopher T. Vrountas'
**Cc:** Steve Schlather
**Subject:** Geotag/Pizzaria Uno

Chris,

Thank you for your call.  I have been out of town in depositions, and I just received your message.  I will call you to discuss potential resolution of this case later today or early next week.  Your message also mentioned Uno getting a second extension to respond to the complaint.  Geotag has been generous with first extensions; however, our client wants to get these cases moving on the Court's docket, and thus we would be opposed to any second extensions of time to respond to the complaint.  Hopefully our clients can resolve this matter promptly, but it not, Uno should plan on responding to the complaint on its current due date.


John J. Edmonds

**CEPIP**

1616 S. Voss Road., Suite 125
Houston, Texas 77057
713.364.5291
jedmonds@cepiplaw.com



CONFIDENTIALITY STATEMENT:
The information contained in this electronic message and any attachments are intended for the exclusive use of the addressee(s) and may contain confidential or
privileged information.  If you are not the intended recipient, please notify the sender immediately and destroy all copies of this message and any attachments.  Thank you.

*Licensed to practice in Texas, California and before the USPTO.

# Exhibit E

**Subject: RE: Geotag/Pizzeria Uno**
**Date:** Saturday, February 26, 2011 4:30 PM
**From:** John Edmonds <jedmonds@cepiplaw.com>
**To:** Christopher T. Vrountas CVrountas@nkms.com
**Cc:** Steve Schlather sschlather@cepiplaw.com
**Conversation:** Geotag/Pizzeria Uno

Mr. Vrountas,

Based upon your representation that the defendant Pizzeria Uno Corp's ("Uno") debts were discharged in bankruptcy as of July 6, 2010, it is confirmed that Geotag's claims against Uno seek no liability or damages from Uno prior to July 6, 2010.

Geotag would be pleased to reach a mutually agreeable resolution prior to the Uno's deadline for responding to the complaint. However, in the event that we do not reach such an accord, Uno will need to get its response timely on file, because we are not going to hold up the entire case on Uno's account.

John J. Edmonds



713.364.5291

---

**From:** Christopher T. Vrountas [mailto:CVrountas@nkms.com]
**Sent:** Saturday, February 26, 2011 4:27 PM
**To:** John Edmonds
**Cc:** Steve Schlather
**Subject:** RE: Geotag/Pizzaria Uno

Hi John: I was not seeking to make a baseless threat. The complaint refers to a patent issued in 1999 and it provides for no time frame regarding its claim for damages. Are you confirming that Geotag's complaint does not seek damages for anything prior to discharge, i.e., July 6, 2010? If so, that may affect what Uno would need to file. In any event, I believe we both agree that we should act quickly so that we can resolve the matter soon.

I should also add that I am preparing for trial now in another matter that will go forward in federal court in Maine on March 7. That plus our discussions and the deadline now pending is putting a pinch in my time. I was hoping an extension could provide me with more room for us to speak. But, the best option may well be simply to resolve this matter without the need for any extensions or filings.

I will call your office now. Hopefully we can speak and get the ball rolling.

Very truly yours,
Chris



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY,P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

making any copy or distribution.

**From:** John Edmonds [mailto:jedmonds@cepiplaw.com]
**Sent:** Saturday, February 26, 2011 5:14 PM
**To:** Christopher T. Vrountas
**Cc:** Steve Schlather
**Subject:** RE: Geotag/Pizzaria Uno

Mr. Vrountas,

Geotag's claim against Uno is based upon Uno's present infringement of the '343 patent, and it does not seek liability or damages relative to anything that was discharged in Uno's prior bankruptcy.  Geotag needs to get its lawsuit moving, and thus we oppose an additional extension for Uno to respond to the complaint.  Feel free to call me any time, but I do not take kindly to baseless threats.

John J. Edmonds



1616 S. Voss Road., Suite 125
Houston, Texas 77057
713.364.5291
jedmonds@cepiplaw.com



**From:** Christopher T. Vrountas [mailto:CVrountas@nkms.com]
**Sent:** Saturday, February 26, 2011 3:56 PM
**To:** John Edmonds
**Subject:** Geotag/Pizzaria Uno

Dear John:  Thanks for your emails.  Yes, we will have the attached signed and sent to you first thing Monday.

I appreciate that you wish to discuss settlement quickly and I agree we need to do so, but I am also concerned about the pending response deadline which I think should be extended at least one last time to facilitate our immediate discussions. I would like to put off the need for a response to the complaint because Uno's response would necessarily respond the fact that the current action is in contempt of the Discharge Injunction issued in the Uno's bankruptcy.  The motion to dismiss, the motion to stay, the motion to transfer, and motion for contempt to be filed in the Southern District of New York, all would be filed either on or shortly after the response deadline, and preparing such motions between now and then would seriously distract the parties from the settlement discussions we wish to pursue.  If we put off the response deadline, we can better focus on our discussions now and potentially avoid the expense of preparing such motions.

You had asked me to explain to you in one of your earlier emails below how the bankruptcy orders could affect this case.  I gave a brief explanation before, but here is a more detailed explanation to help clarify our situation.

As you know, Uno filed a petition in the Bankruptcy Court of the Southern District of New York on January 10, 2010.  The Bankruptcy Court confirmed the Plan of Reorganization of Uno on July 6, 2010.

By operation of law (section 1141 (d)(1)(A) of the Bankruptcy Code), and by the express provisions of the Plan and the order confirming the Plan, any claim by Geotag or related entities against Uno has been discharged.  It is no longer collectible. Second, not only is any debt discharged, but by operation of law (section 524 (a) of the Bankruptcy Code), and by the express provision of the Plan and the order confirming the Plan, creditors whose claims are discharged are perpetually enjoined from trying to pursue those claims. Failure to comply with that injunction is serious, and would

perpetually enjoined from trying to pursue those claims. Failure to comply with that injunction is serious, and would constitute a contempt of Court, at the very least by Geotag.

If Geotag fails to remove Uno as a party, that could result in the entire action being stayed against all parties pending Uno's responsive motions. Moreover, any proceeding concerning the enforcement of a discharge injunction may be commenced in the Bankruptcy Court where the injunction was entered.

On top of this, we believe any reasonable calculation of a royalty would amount to very short dollars in any event. There are, of course, a number of non-infringement and validity defenses further complicating any potential recovery.

All that said, my client would prefer to resolve this matter quickly rather than prepare for and eventually engage in protracted motion practice. In the end, the Bankruptcy Court would likely grant my client its attorneys' for such motion practice, but that would also involve distraction and waste of time.

Obviously, the best way to avoid all this motion practice would be to settle quickly, but moving the current deadlines would certainly help the parties focus on settlement and conserve resources while engaging in their discussions. I ask that you please reconsider your position not to extend the current response deadline. We simply ask for one last extension of 30 days.

I look forward to speaking with you soon. Please do not hesitate to contact me at my cell, 617.893.9601, or my direct dial below. I will be reaching out to you on Monday in any event.

Very truly yours,

Chris Vrountas



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY,P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

---

**From:** John Edmonds [mailto:jedmonds@cepiplaw.com]
**Sent:** Friday, February 25, 2011 10:11 AM
**To:** Christopher T. Vrountas
**Cc:** Steve Schlather
**Subject:** RE: Geotag/Pizzaria Uno

Chris,

Pardon me for forgetting -- Before we speak regarding a potential amicable resolution of the case, Geotag's SOP is to have a Rule 408 agreement/NDA in place. I do not recall having one yet with Uno. Attached is a proposed agreement for your client's consideration. We'll need to get this in place before having any substantive settlement discussions.

John J. Edmonds



713.364.5291

**From:** John Edmonds
**Sent:** Friday, February 25, 2011 7:42 AM
**To:** 'Christopher T. Vrountas'
**Cc:** Steve Schlather
**Subject:** Geotag/Pizzaria Uno

Chris,

Thank you for your call.  I have been out of town in depositions, and I just received your message.  I will call you to discuss potential resolution of this case later today or early next week.  Your message also mentioned Uno getting a second extension to respond to the complaint.  Geotag has been generous with first extensions; however, our client wants to get these cases moving on the Court's docket, and thus we would be opposed to any second extensions of time to respond to the complaint. Hopefully our clients can resolve this matter promptly, but it not, Uno should plan on responding to the complaint on its current due date.

John J. Edmonds[*]



1616 S. Voss Road., Suite 125
Houston, Texas 77057
713.364.5291
jedmonds@cepiplaw.com



CONFIDENTIALITY STATEMENT:
The information contained in this electronic message and any attachments are intended for the exclusive use of the addressee(s) and may contain confidential or
privileged information.  If you are not the intended recipient, please notify the sender immediately and destroy all copies of this message and any attachments.  Thank you.

[*]Licensed to practice in Texas, California and before the USPTO.

# Exhibit F

**Subject: Geotag v. Uno, et al**
**Date:** Thursday, March 10, 2011 3:52 PM
**From:** Christopher T. Vrountas <CVrountas@nkms.com>
**To:** Steve Schlather <sschlather@cepiplaw.com>

Dear Steve:

I have not heard from you since our discussion last week when you told me you would provide me with a settlement number and a decision on whether you would grant Uno an extension of time to answer the complaint.  We had agreed that you would call me either over the weekend before my trial this week or on Monday, but I have not heard from you.  My trial is over now, and so I am reaching out to you.

As we advised you earlier, Uno emerged from bankruptcy in July of last year.  Accordingly, to the extent Geotag seeks any judgment or damages on account of any action or activities from before the discharge of bankruptcy, Geotag would be in violation of the discharge injunction issued by the Southern District of New York.  While John Edmonds represented to me in an email that Geotag would not seek damages for pre-discharge conduct, Geotag has not amended its complaint accordingly.  As a result, Uno will need to move for a more definite statement, move to stay and move to transfer to the Southern District of New York while this case proceeds unless Geotag amends its complaint to confirm categorically that it does not seek any judgment or damages for predischarged conduct.

Will Geotag amend its complaint consistent with John's representation?  If not, Uno must move as described above.

More immediately, will Geotag simply provide Uno with an extension of time while the parties discuss settlement?  That way, we can avoid the procedural, legal and timing issues currently before us so the parties can focus on settlement discussions.  If not, Uno will need to file its responsive motion as described above by the current due date.

One option would be for Geotag to provide the extension of time while it moves to amend its complaint to confirm the limitation of what it seeks against Uno consistent with what John Edmonds represented to me in his email.  If Geotag does not provide such extension while it moves to amend, Uno will probably need to file its motions on the due date as expressed above.

Please contact me at your earliest convenience so that we may discuss how we could resolve these issues in lieu of seeking guidance from the court.  I can be reached at 617-893-9601.  If I don't hear from you today I will try you again tomorrow.  If I cannot reach you by the end of

this week, and if we do not otherwise speak, I will file the motions as described above.

Hopefully, all the extra activity can be avoided with a simple extension of time.  Please let me know how Geotag wishes to proceed.

I look forward to hearing from you soon.

Very truly yours,
Chris Vrountas
c-617.893.9601

# Exhibit G

**Subject: RE: Geotag v. Uno, et al**
**Date:** Thursday, March 10, 2011 9:38 PM
**From:** John Edmonds <jedmonds@cepiplaw.com>
**To:** "CVrountas@nkms.com" <CVrountas@nkms.com>
**Cc:** Steve Schlather <sschlather@cepiplaw.com>

Mr. Vrountas,

This email responds to yours below. At your request, I've already sent you an email addressing Uno's concerns about pre- versus post-bankruptcy infringement, which you accepted without complaint.

Geotag is unmoved by your threat of motions to be filed over non-issues, which you apparently think serve as leverage for a second extension of time to respond to the complaint. Geotag amicably did not oppose Uno's first, 30 day extension to respond to the complaint. At this point, Uno needs to get its response on file. Geotag opposes any additional extensions for Uno to respond to the complaint.


John J. Edmonds

713.364.5291


------ Forwarded Message
**From:** "Christopher T. Vrountas" <CVrountas@nkms.com>
**Date:** Thu, 10 Mar 2011 16:52:17 -0500
**To:** Steve Schlather <sschlather@cepiplaw.com>
**Subject:** Geotag v. Uno, et al

Dear Steve:

I have not heard from you since our discussion last week when you told me you would provide me with a settlement number and a decision on whether you would grant Uno an extension of time to answer the complaint. We had agreed that you would call me either over the weekend before my trial this week or on Monday, but I have not heard from you. My trial is over now, and so I am reaching out to you.

As we advised you earlier, Uno emerged from bankruptcy in July of last year. Accordingly, to the extent Geotag seeks any judgment or damages on account of any action or activities from

before the discharge of bankruptcy, Geotag would be in violation of the discharge injunction issued by the Southern District of New York.  While John Edmonds represented to me in an email that Geotag would not seek damages for pre-discharge conduct, Geotag has not amended its complaint accordingly.  As a result, Uno will need to move for a more definite statement, move to stay and move to transfer to the Southern District of New York while this case proceeds unless Geotag amends its complaint to confirm categorically that it does not seek any judgment or damages for predischarged conduct.

Will Geotag amend its complaint consistent with John's representation?  If not, Uno must move as described above.

More immediately, will Geotag simply provide Uno with an extension of time while the parties discuss settlement?  That way, we can avoid the procedural, legal and timing issues currently before us so the parties can focus on settlement discussions.  If not, Uno will need to file its responsive motion as described above by the current due date.

One option would be for Geotag to provide the extension of time while it moves to amend its complaint to confirm the limitation of what it seeks against Uno consistent with what John Edmonds represented to me in his email.  If Geotag does not provide such extension while it moves to amend, Uno will probably need to file its motions on the due date as expressed above.

Please contact me at your earliest convenience so that we may discuss how we could resolve these issues in lieu of seeking guidance from the court.  I can be reached at 617-893-9601.  If I don't hear from you today I will try you again tomorrow.  If I cannot reach you by the end of this week, and if we do not otherwise speak, I will file the motions as described above.

Hopefully, all the extra activity can be avoided with a simple extension of time.  Please let me know how Geotag wishes to proceed.

I look forward to hearing from you soon.

Very truly yours,
Chris Vrountas
c-617.893.9601


------ End of Forwarded Message

# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

GEOTAG, INC.

v.                                        NO. 2:10-CV-00572

STARBUCKS CORP., ET AL.                   JURY

### STIPULATION REGARDING PIZZERIA UNO

Plaintiff Geotag, Inc. ("Geotag") respectfully submits this stipulation regarding Defendant Pizzeria Uno Corp. ("Uno"), as follows:

I.

Defendant Uno has represented that its debts were discharged in bankruptcy as of July 6, 2010. Based upon the foregoing representation, Geotag's stipulates that its claims in this action against Uno seek no liability or damages from Uno prior to Uno's bankruptcy discharge, and that Geotag's claims against Uno relate only to infringement of the '343 patent occurring after Uno's bankruptcy discharge.

March 13, 2011                            Respectfully submitted,

                                          COLLINS, EDMONDS & POGORZELSKI, PLLC

                                          By: /s/ *John J. Edmonds*
                                          John J. Edmonds – Lead Counsel
                                          Texas Bar No. 789758
                                          Michael J. Collins
                                          Texas Bar No. 4614510
                                          Stephen F. Schlather
                                          Texas Bar No. 24007993
                                          COLLINS, EDMONDS & POGORZELSKI, PLLC
                                          1616 S. Voss Road, Suite 125
                                          Houston, Texas 77057
                                          Telephone: (281) 501-3425
                                          Facsimile: (832) 415-2535
                                          jedmonds@cepiplaw.com

mcollins@cepiplaw.com
sschlather@cepiplaw.com

Charles van Cleef
COOPER & VAN CLEEF, PLLC
500 N Second St.
Longview, TX 75601
(903) 248-8244
(903) 248-8249 fax
charles@coopervancleef.com

ATTORNEYS FOR PLAINTIFF
GEOTAG, INC.

CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Other defendants will be served in accordance with the Federal Rules of Civil Procedure.

March 13, 2011                            /s/ John J. Edmonds
                                         John J. Edmonds

# Exhibit I

**Subject: Geotage v. Uno, et. al.:**
**Date:** Monday, March 14, 2011 2:22 PM
**From:** Christopher T. Vrountas <CVrountas@nkms.com>
**To:** John Edmonds jedmonds@cepiplaw.com
**Cc:** Steve Schlather sschlather@cepiplaw.com, wlancelee@aol.com wlancelee@aol.com
**Conversation:** Geotage v. Uno, et. al.:

Dear John and Steve:

Thank you for taking the time to look into my stated concerns about Geotag's pleading.  I spoke with Steve today and saw the suggested stipulation John emailed over the weekend for the first time this morning.  As I noted with Steve today, the stipulation purports only to rely upon a mere representation of Uno rather than the actual discharge injunction issued by the Southern District of New York.  In addition, the stipulation refers to a "373 Patent" which I do not understand to be at issue in this case.

Accordingly, the stipulation does not adequately address Uno's concerns.  We will therefor file our motion today.  That said, if Geotag agrees to stipulate in a court filing that it acknowledges the discharge injunction and confirms that, according to the terms of such injunction, Geotag's complaint does not set forth any claim concerning any matter arising from before July 26, 2010, then Uno will readily withdraw its motion and file its answer.

I appreciate your attention to this matter.  I look forward to continuing to work with you to resolve both the procedural and the substantive issues we have before us.

Very truly yours,
Chris



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY,P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC. | |
| v. | NO. 2:10-CV-00572 |
| STARBUCKS CORP., ET AL. | JURY |

## AMENDED STIPULATION REGARDING PIZZERIA UNO

Plaintiff Geotag, Inc. ("Geotag") respectfully submits this stipulation regarding Defendant Pizzeria Uno Corp. ("Uno"), as follows:

I.

Defendant Uno has represented that its debts were discharged in bankruptcy as of July 6, 2010 per a discharge injunction issued by the Southern District of New York. Based upon the foregoing discharge injunction issued by the Southern District of New York, Geotag's stipulates that its claims in this action against Uno seek no liability or damages from Uno prior to Uno's bankruptcy discharge, and that Geotag's claims against Uno relate only to infringement of the '474 patent occurring after Uno's bankruptcy discharge.

March 14, 2011

Respectfully submitted,

COLLINS, EDMONDS & POGORZELSKI, PLLC

By: /s/ *John J. Edmonds*
John J. Edmonds – Lead Counsel
Texas Bar No. 789758
Michael J. Collins
Texas Bar No. 4614510
Stephen F. Schlather
Texas Bar No. 24007993
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425

Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com

Charles van Cleef
COOPER & VAN CLEEF, PLLC
500 N Second St.
Longview, TX 75601
(903) 248-8244
(903) 248-8249 fax
charles@coopervancleef.com

ATTORNEYS FOR PLAINTIFF
GEOTAG, INC.

CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Other defendants will be served in accordance with the Federal Rules of Civil Procedure.

March 14, 2011                              /s/ John J. Edmonds
                                           John J. Edmonds

2

# Exhibit K

**Subject: RE: Geotage v. Uno, et. al.:**
**Date:** Monday, March 14, 2011 2:49 PM
**From:** Christopher T. Vrountas <CVrountas@nkms.com>
**To:** John Edmonds jedmonds@cepiplaw.com
**Cc:** Steve Schlather sschlather@cepiplaw.com, wlancelee@aol.com wlancelee@aol.com
**Conversation:** Geotage v. Uno, et. al.:

Hi John—Thanks. <mark>I will share this with my bankruptcy person, but I can see already that the stipulation still purports to rely on a representation from me.  There is no need for it to do so.</mark>  The stipulation should refer only to the discharge injunction and confirm that Geotag shall proceed accordingly.  I do not know if we can finalize this today.  I accordingly expect to file the motion today.  If we can clarify these things in the next day or so, we can proceed accordingly and we will have straightened things out without pestering the court.

Thank you for your attention to this matter.

Very truly yours,

Chris



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY, P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

---

**From:** John Edmonds [mailto:jedmonds@cepiplaw.com]
**Sent:** Monday, March 14, 2011 3:42 PM
**To:** Christopher T. Vrountas
**Cc:** Steve Schlather; wlancelee@aol.com
**Subject:** RE: Geotage v. Uno, et. al.:

Chris,

Per this morning's meet and confer and the email string below, the attached amended stipulation has been filed with the Court.  You should have already received the ECF notification of same.  As noted multiple times before, there is no need for your client to burden the court with a motion over a non-issue.

John J. Edmonds



713.364.5291

---

**From:** John Edmonds
**Sent:** Monday, March 14, 2011 2:25 PM
**To:** 'Christopher T. Vrountas'
**Cc:** Steve Schlather; wlancelee@aol.com
**Subject:** RE: Geotage v. Uno, et. al.:

Chris,

We're aware of the typo from this morning's call.  As noted this morning, we will fix the typo.  In addition, we'll amend the stipulation as you request, and we'll do it today.  There is no need for your client to burden the court with a motion over a non-issue.

John J. Edmonds



713.364.5291

---

**From:** Christopher T. Vrountas [mailto:CVrountas@nkms.com]
**Sent:** Monday, March 14, 2011 2:23 PM
**To:** John Edmonds
**Cc:** Steve Schlather; wlancelee@aol.com
**Subject:** Geotage v. Uno, et. al.:

Dear John and Steve:

Thank you for taking the time to look into my stated concerns about Geotag's pleading.  I spoke with Steve today and saw the suggested stipulation John emailed over the weekend for the first time this morning.  As I noted with Steve today, the stipulation purports only to rely upon a mere representation of Uno rather than the actual discharge injunction issued by the Southern District of New York.  In addition, the stipulation refers to a "373 Patent" which I do not understand to be at issue in this case.

Accordingly, the stipulation does not adequately address Uno's concerns.  We will therefor file our motion today.  That said, if Geotag agrees to stipulate in a court filing that it acknowledges the discharge injunction and confirms that, according to the terms of such injunction, Geotag's complaint does not set forth any claim concerning any matter arising from before July 26, 2010, then Uno will readily withdraw its motion and file its answer.

I appreciate your attention to this matter.  I look forward to continuing to work with you to resolve both the procedural and the substantive issues we have before us.

Very truly yours,
Chris



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY,P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

**Page 3 of 3**

# Exhibit L

**Subject: RE: Geotage v. Uno, et. al.:**
**Date:** Monday, March 14, 2011 3:16 PM
**From:** Christopher T. Vrountas <CVrountas@nkms.com>
**To:** John Edmonds jedmonds@cepiplaw.com
**Cc:** Steve Schlather sschlather@cepiplaw.com, wlancelee@aol.com wlancelee@aol.com
**Conversation:** Geotage v. Uno, et. al.:

John:  I think that is wrong.  The stipulation continues to purport to refer to a representation and it need only refer to what is a matter of record with the Southern District of New York.  I will send you a stipulation that would work for us.  If we can reach agreement, we will withdraw our motion and file an answer. Hopefully, I can send you the stipulation before the end of the day.

Very truly yours,
Chris



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY,P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

---

**From:** John Edmonds [mailto:jedmonds@cepiplaw.com]
**Sent:** Monday, March 14, 2011 4:09 PM
**To:** Christopher T. Vrountas
**Cc:** Steve Schlather; 'wlancelee@aol.com'
**Subject:** Re: Geotage v. Uno, et. al.:

Chris,

You've apparently misread the amended stipulation. We put exactly what you requested.

Uno seems determined to burden the court with a motion over a non-issue. Suit yourself.

If the Court takes issue with Uno making frivilous and dilatory filings, you can take that up with the Court.

John Edmonds
CEPIP

713.364.5291

**From**: Christopher T. Vrountas [mailto:CVrountas@nkms.com]
**Sent**: Monday, March 14, 2011 03:49 PM
**To**: John Edmonds
**Cc**: Steve Schlather; wlancelee@aol.com <wlancelee@aol.com>
**Subject**: RE: Geotage v. Uno, et. al.:

Hi John—Thanks.  I will share this with my bankruptcy person, but I can see already that the stipulation still purports to rely on a representation from me.  There is no need for it to do so.  The stipulation should refer only to the discharge injunction and confirm that Geotag shall proceed accordingly.  I do not know if we can finalize this today.  I accordingly expect to file the motion today.  If we can clarify these things in the next day or so, we can proceed accordingly and we will have straightened things out without pestering the court.

Thank you for your attention to this matter.

Very truly yours,

Chris



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY, P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

**From:** John Edmonds [mailto:jedmonds@cepiplaw.com]
**Sent:** Monday, March 14, 2011 3:42 PM
**To:** Christopher T. Vrountas
**Cc:** Steve Schlather; wlancelee@aol.com
**Subject:** RE: Geotage v. Uno, et. al.:

Chris,

Per this morning's meet and confer and the email string below, the attached amended stipulation has been filed with the Court.  You should have already received the ECF notification of same.  As noted multiple times before, there is no need for your client to burden the court with a motion over a non-issue.

John J. Edmonds



713.364.5291

---

**From:** John Edmonds
**Sent:** Monday, March 14, 2011 2:25 PM
**To:** 'Christopher T. Vrountas'
**Cc:** Steve Schlather; wlancelee@aol.com
**Subject:** RE: Geotage v. Uno, et. al.:

Chris,

We're aware of the typo from this morning's call.  As noted this morning, we will fix the typo.  In addition, we'll amend the stipulation as you request, and we'll do it today.  There is no need for your client to burden the court with a motion over a non-issue.

John J. Edmonds



713.364.5291

---

**From:** Christopher T. Vrountas [mailto:CVrountas@nkms.com]
**Sent:** Monday, March 14, 2011 2:23 PM
**To:** John Edmonds
**Cc:** Steve Schlather; wlancelee@aol.com
**Subject:** Geotage v. Uno, et. al.:


Dear John and Steve:

Thank you for taking the time to look into my stated concerns about Geotag's pleading.  I spoke with Steve today and saw the suggested stipulation John emailed over the weekend for the first time this morning.  As I noted with Steve today, the stipulation purports only to rely upon a mere representation of Uno rather than the actual discharge injunction issued by the Southern District of New York.  In addition, the stipulation refers to a "373 Patent" which I do not understand to be at issue in this case.

Accordingly, the stipulation does not adequately address Uno's concerns.  We will therefor file our motion today.  That said, if Geotag agrees to stipulate in a court filing that it acknowledges the discharge injunction and confirms that, according to the terms of such injunction, Geotag's complaint does not set forth any claim concerning any matter arising from before July 26, 2010, then Uno will readily withdraw its motion and file its answer.

I appreciate your attention to this matter.  I look forward to continuing to work with you to resolve both the procedural and the substantive issues we have before us.

Very truly yours,
Chris

**Page 3 of 4**



Christopher T. Vrountas
NELSON, KINDER, MOSSEAU & SATURLEY,P.C.
(o) 617.778.7500
(dd) 603.606.5015
(f) 603.647.1900
http://www.nkms.com
cvrountas@nkms.com

This information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received communication in error, please notify Nelson, Kinder, Mosseau & Saturley, P.C. at (603) 647-1800 and purge the communication immediately without making any copy or distribution.

# Exhibit M

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

GEOTAG, INC.

     PLAINTIFF,

v.

STARBUCKS CORP., et al

     DEFENDANTS.

CIVIL ACTION NO. 2:10-cv-00572-TJW

**STIPULATION FOR AMENDMENT OF PLEADING**

Plaintiff Geotag, Inc. ("Geotag") and Defendant Pizzeria Uno Corp. ("Uno") hereby submit the following stipulation to amend the complaint with the intent to be bound thereby:

1.     On July 26, 2010, the Defendant Pizzeria Uno Corporation ("Uno") obtained confirmation of its Plan of Reorganization in the United States Bankruptcy Court for the Southern District of New York, case #10-10209.

2.     As a result thereof, claims against Uno arising on or before July 26, 2010 have been discharged, and the pursuit of those claims has been enjoined.

3.     Accordingly, the Complaint in this case is herewith AMENDED by deleting paragraph 88 and substituting the following therefor, the underlined words indicating language which is hereby added:

"On information and belief, <u>subsequent to July 26, 2010</u> PIZZERIA UNO has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Location at www.unos.com. <u>Nothing in this Complaint is intended to assert a claim for any actions taken by PIZZERIA UNO on or before July 26, 2010.</u>"

1

4.      Nothing in this stipulation constitutes an acknowledgment by Uno that any of the

allegations in the Complaint are true.

                                    Respectfully submitted,

March 14, 2011                      COLLINS, EDMONDS & POGORZELSKI, PLLC

                                    By:  /s/ John J. Edmonds
                                    John J. Edmonds – Lead Counsel
                                    Texas Bar No. 789758
                                    Michael J. Collins
                                    Texas Bar No. 4614510
                                    Stephen F. Schlather
                                    Texas Bar No. 24007993
                                    COLLINS, EDMONDS & POGORZELSKI, PLLC
                                    1616 S. Voss Road, Suite 125
                                    Houston, Texas 77057
                                    Telephone:  (281) 501-3425
                                    Facsimile:  (832) 415-2535
                                    jedmonds@cepiplaw.com
                                    mcollins@cepiplaw.com
                                    sschlather@cepiplaw.com

                                    Charles van Cleef
                                    COOPER & VAN CLEEF, PLLC
                                    500 N Second St.
                                    Longview, Texas 75601
                                    Telephone:  (903) 248-8244
                                    Facsimile:  (903) 248-8249
                                    charles@coopervancleef.com

                                    ATTORNEYS FOR PLAINTIFF
                                    GEOTAG, INC.

March 14, 2011                      By: /s/   Lance Lee
                                    Lance Lee (TX #24004762)
                                    Attorney At Law
                                    5511 Plaza Drive
                                    Texarkana, TX 75503
                                    Tel.: (903) 223-0276
                                    Fax: (903) 223-0210
                                    wlancelee@aol.com

ATTORNEY FOR DEFENDANT,
PIZZERIA UNO CORPORATION