IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC.<br><br>    PLAINTIFF,<br><br>v.<br><br>STARBUCKS CORP., et al<br><br>    DEFENDANTS. | CIVIL ACTION NO. 2:10-cv-00572-TJW |

**DEFENDANT PIZZERIA UNO CORPORATION'S REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT UNDER RULE 12(e); OR ALTERNATIVELY TO TRANSFER PROCEEDINGS TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Defendant Pizzeria Uno Corporation ("Uno") submits this brief Reply to "Plaintiff's Response in Opposition to Pizzeria Uno's Motion to Dismiss [sic]." As an initial matter, Uno did not file a motion to dismiss but a motion for more definite statement or for alternative relief. In further Reply, Uno states as follows:

On March 14, 2011, the Defendant Pizzeria Uno Corporation ("Uno") filed a motion to require a more definite statement and for other relief (the "Motion").[1]

The purpose of the Motion was to insure that no litigation would be pursued against Uno for actions which had been discharged in the prior Chapter 11 proceedings of Uno.

---

[1] The Motion was titled "Motion and Incorporated Brief of Defendant Pizzeria Uno Corporation 1) To Require a More Definite Statement under rule 12(e); 2) to Transfer Proceedings to the United States District Court for the Southern District of New York, and 3) to enforce Discharge Injunction by Saying Action Pending Transfer of Proceedings." It was not titled as, and was not, a motion to dismiss.

Uno consistently stated to counsel for Geotag that Uno would withdraw the Motion if the Plaintiff would unconditionally acknowledge that this litigation excluded any actions taken by Uno prior to July 26, 2010, the date of confirmation of the Plan of Reorganization of Uno. Geotag did not agree to Uno's proposals for how to proceed and instead filed unilateral, and equivocal, "stipulations" which did not fully address the issues Uno had raised concerning the impact of the Uno Bankruptcy proceeding. Uno proposed a detailed stipulation that addressed the concerns raised in the Motion, but Geotag never responded to that proposed stipulation. Accordingly, the parties failed to reach agreement.

Rather than simply accepting the specific proposed stipulation offered by Uno, Geotag has now filed an 8-page Response to the Motion, accompanied by a 50-page affidavit in which Geotag seeks to review all of the negotiations between itself and Uno. Such material is plainly not necessary for the Court to decide the limited issue before it now.

Geotag has not contested any of the allegations set forth in Uno's Motion or the relief sought in the Motion. Indeed, on the first page of its Response, Geotag has made what at first sounds like an unequivocal statement to this Court: **"Geotag is not seeking damages for any activity by Uno that occurred prior to Uno's bankruptcy discharge."** Response, at 1. Accordingly, Uno believes this Court may grant Uno's Motion on that basis alone.

Geotag has refused until now to unequivocally limit its claim to all of the following: 1) alleged activity occurring after the bankruptcy discharge of Uno; 2) defining the date of that discharge as July 26, 2010; and 3) making the limitation unequivocal, rather than conditioning the limitation on the representations of counsel to Uno. Geotag's new representation to this Court addresses the first and third, but not the second, items. As for the second item identified above, the uncontroverted record in the United States Bankruptcy Court for the Southern District of

New York demonstrates that the date of confirmation of the Chapter 11 Plan of Reorganization was July 26, 2010.  Exhibit 3 to Motion, an additional copy of which is attached to this Reply as Exhibit A.  Thus, the Court has more than sufficient basis to issue an Order consistent with this record.

Simply put, in light of the uncontested record in this case, this Court should enter an Order embodying Geotag's own representation to this Court by including the following:

> "Geotag is barred from seeking damages for any activity by Pizzeria Uno that occurred prior to the bankruptcy discharge of Pizzeria Uno on July 26, 2010."

Attached is a proposed order consistent with the above for the Court's review as Exhibit B.  The entry of such an order would moot the Motion.

As an alternative, Uno requests that this Court rule on the merits of the Motion, none of which have been substantively contested in the Response. Uno attached its original proposed order to its Motion, an additional copy of which is attached to this Reply as Exhibit C.

WHEREFORE, Pizzeria Uno Corporation respectfully requests that this Court either enter the proposed Order attached hereto or grant the Motion.

                                    Respectfully submitted,

Dated:  April 8, 2011       By:      _/s/  Lance Lee_
                                          Lance Lee
                                          Texas Bar No. 24004762
                                          Attorney At Law
                                          5511 Plaza Drive
                                          Texarkana, TX 75503
                                          Telephone:     (903) 223-0276
                                          Fax:              (903) 223-0210
                                          wlancelee@aol.com

                                          COUNSEL FOR PIZZERIA
                                          UNO CORPORATION

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion was electronically filed with the Clerk of the Court by CM/ECF system which would then notify all counsel of record.

Dated: April 8, 2011                          _/s/ Lance Lee_
                                                       Lance Lee