# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:10-CV-00572-TJW |
| | § | |
| STARBUCKS CORP.; | § | |
| AFC ENTERPRISES, INC. D/B/A POPEYE'S | § | |
| CHICKEN AND BISCUITS D/B/A POPEYE'S; | § | |
| BOB EVANS FARMS, INC. D/B/A BOB | § | |
| EVANS; | § | |
| BOB EVANS RESTAURANTS OF MICHIGAN, | § | |
| LLC; | § | |
| BRINKER INTERNATIONAL, INC. D/B/A | § | |
| CHILI'S D/B/A ROMANO'S MACARONI | § | |
| GRILL D/B/A MAGGIANO'S LITTLE ITALY; | § | |
| BURGER KING CORP.; | § | |
| CALIFORNIA PIZZA KITCHEN, INC.; | § | |
| CEC ENTERTAINMENT, INC. D/B/A CHUCK | § | |
| E. CHEESE'S; | § | |
| CEC ENTERTAINMENT CONCEPTS, L.P.; | § | |
| CICI ENTERPRISES, LP D/B/A CICI'S PIZZA; | § | |
| CINNABON, INC. | § | |
| CRACKER BARREL OLD COUNTRY | § | |
| STORE, INC. D/B/A CRACKER BARRELL; | § | |
| DARDEN RESTAURANTS, INC. D/B/A RED | § | |
| LOBSTER D/B/A LONGHORN | § | |
| STEAKHOUSE D/B/A OLIVE D/B/A | § | |
| GARDEN D/B/A THE CAPITAL GRILLE | § | |
| D/B/A BAHAMA BREEZE SEASONS D/B/A | § | |
| LONGHORNSTEAKHOUSE.COM; | § | |
| DARDEN CONCEPTS, INC.; | § | |
| GMRI, INC.; | § | |
| DD IP HOLDER, LLC; | § | |
| DUNKIN' BRANDS, INC. D/B/A | § | |
| DUNKIN DONUTS; | § | |
| DUNKIN DONUTS, INC; | § | |
| | § | |

| | |
|---|---|
| DELI MANAGEMENT, INC. D/B/A JASON'S | § |
| DELI; | § |
| APPLEBEE'S INTERNATIONAL, INC.; | § |
| APPLEBEE'S IP, LLC; | § |
| DOCTOR'S ASSOCIATES INC. D/B/A | § |
| SUBWAY; | § |
| FRANCHISE WORLD HEADQUARTERS, | § |
| LLC; | § |
| DOMINO'S PIZZA, INC.; | § |
| DR. PEPPER SNAPPLE GROUP, INC.; | § |
| GODFATHER'S PIZZA, INC.; | § |
| GREAT HARVEST BREAD CO.; | § |
| IHOP CORP.; | § |
| IHOP IP, LLC; | § |
| DINEEQUITY, INC. D/B/A IHOP D/B/A | § |
| INTERNATIONAL HOUSE OF PANCAKES; | § |
| JACK IN THE BOX, INC.; | § |
| LANDRY'S INC. D/B/A CHART HOUSE | § |
| D/B/A SALT GRASS D/B/A CLAIM | § |
| JUMPER D/B/A OCEANAIRE D/B/A | § |
| SALTGRASS; | § |
| SALTGRASS, INC.; | § |
| THE OCEANAIRE, INC.; | § |
| LITTLE CEASAR ENTERPRISES, INC.; | § |
| ILITCH HOLDINGS, INC.; | § |
| MCDONALD'S CORP.; | § |
| MOE'S SOUTHWEST GRILL, LLC; | § |
| MSWG, LLC; | § |
| MOE'S, INC.; | § |
| MOE'S FRANCHISOR, LLC; | § |
| MR. GATTI'S, L.P.; | § |
| MAMA JIM'S PIZZA, INC. D/B/A MR. JIM'S | § |
| PIZZA; | § |
| PANERA BREAD COMPANY; | § |
| PANERA, LLC; | § |
| PAPA JOHNS INTERNATIONAL, INC.; | § |
| PAPA JOHNS USA, INC.; | § |
| PIZZA INN, INC.; AND | § |
| PIZZERIA LINO CORP., | § |
| **DEFENDANTS.** | § |

**PIZZA INN, INC.'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS**

2

Defendant Pizza Inn, Inc. ("Pizza Inn") answers the Complaint filed by Plaintiff Geotag, Inc. ("Plaintiff') as follows:

1.      Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 1 of the Complaint and, accordingly, denies same.

2.      Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 2 of the Complaint and, accordingly, denies same.

3.      Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 3 of the Complaint and, accordingly, denies same.

4.      Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 4 of the Complaint and, accordingly, denies same.

5.      Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 5 of the Complaint and, accordingly, denies same.

6.      Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 6 of the Complaint and, accordingly, denies same.

7.      Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 7 of the Complaint and, accordingly, denies same.

8.      Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 8 of the Complaint and, accordingly, denies same.

9.      Pizza Inn lacks knowledge or information sufficient to form a belief about the

909620

truth of any allegations in Paragraph 9 of the Complaint and, accordingly, denies same.

10.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 10 of the Complaint and, accordingly, denies same.

11.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 11 of the Complaint and, accordingly, denies same.

12.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 12 of the Complaint and, accordingly, denies same.

13.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 13 of the Complaint and, accordingly, denies same.

14.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 14 of the Complaint and, accordingly, denies same.

15.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 15 of the Complaint and, accordingly, denies same.

16.     Pizza Inn lacks knowledge or information sufficient to form a belief about the

4

truth of any allegations in Paragraph 16 of the Complaint and, accordingly, denies same.

17.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 17 of the Complaint and, accordingly, denies same.

18.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 18 of the Complaint and, accordingly, denies same.

19.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 19 of the Complaint and, accordingly, denies same.

20.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 20 of the Complaint and, accordingly, denies same.

21.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 21 of the Complaint and, accordingly, denies same.

22.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 22 of the Complaint and, accordingly, denies same.

909620

23.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 23 of the Complaint and, accordingly, denies same.

24.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 24 of the Complaint and, accordingly, denies same.

25.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 25 of the Complaint and, accordingly, denies same.

26.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 26 of the Complaint and, accordingly, denies same.

27.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 27 of the Complaint and, accordingly, denies same.

28.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 28 of the Complaint and, accordingly, denies same.

29.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 29 of the Complaint and, accordingly, denies same.

909620

30.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 30 of the Complaint and, accordingly, denies same.

31.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 31 of the Complaint and, accordingly, denies same.

32.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 32 of the Complaint and, accordingly, denies same.

33.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 33 of the Complaint and, accordingly, denies same.

34.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 34 of the Complaint and, accordingly, denies same.

35.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 35 of the Complaint and, accordingly, denies same.

36.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 36 of the Complaint and, accordingly, denies same.

909620

37.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 37 of the Complaint and, accordingly, denies same.

38.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 38 of the Complaint and, accordingly, denies same.

39.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 39 of the Complaint and, accordingly, denies same.

40.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 40 of the Complaint and, accordingly, denies same.

41.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 41 of the Complaint and, accordingly, denies same.

42.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 42 of the Complaint and, accordingly, denies same.

43.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 43 of the Complaint and, accordingly, denies same.

909620

44.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 44 of the Complaint and, accordingly, denies same.

45.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 45 of the Complaint and, accordingly, denies same.

46.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 46 of the Complaint and, accordingly, denies same.

47.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 47 of the Complaint and, accordingly, denies same.

48.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 48 of the Complaint and, accordingly, denies same.

49.     Pizza Inn admits the allegations of Paragraph 49 of the Complaint.

50.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 50 of the Complaint and, accordingly, denies same.

909620

**JURISDICTION AND VENUE**

51.     With regard to the allegations in Paragraph 51 of the Complaint: Pizza Inn admits that Plaintiff's action arises under the patent laws of the United States, Title 35 of the United States Code, and admits that this Court has subject matter jurisdiction over the action as presently pled pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant admits that it has a website that is accessible from within this judicial district and that Pizza Inn is subject to this Court's jurisdiction. Pizza Inn denies that it has infringed U.S. Patent No. 5,930,474 (the '474 Patent") in any way, including but not limited to by operation of its website. Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 51 of the Complaint that are directed towards other Defendants and, accordingly, denies same.

52.     With regard to the allegation in Paragraph 52 of the Complaint: Pizza Inn admits that venue is proper (as to Pizza Inn only) in this judicial district.  Pizza Inn admits that subject matter jurisdiction exists. Pizza Inn admits that it has a website that is accessible from within this judicial district. Pizza Inn denies that it has infringed the '474 Patent in any way, including but not limited to by operation of its website. Pizza Inn denies all other allegations in Paragraph 52 of the Complaint that are directed towards Pizza Inn. Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 52 of the Complaint that are directed towards other Defendants and, accordingly, denies same.

53.     Pizza Inn admits that there was a case styled *Geomas (International), Ltd. Vs. Idearc Media Services –West, Inc. et al,* Civil Action No. 2:06-CV-00475-CE, but Pizza

909620

Inn denies any and all other allegations in Paragraph 53 of the Complaint.

# COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

54.     Pizza Inn admits the allegation in Paragraph 54 that the '474 Patent is titled "Internet Organizer for Assessing Geographically and Topically Based Information." Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54 of the Complaint and, accordingly, denies same.

55.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 55 of the Complaint and, accordingly, denies same.

56.     The allegations in Paragraph 56 of the Complaint are questions of law, which do not require a response. To the extent a response is required, Pizza Inn denies the allegation in Paragraph 56 of the Complaint.

57.     Pizza Inn denies the allegations against Pizza Inn set forth in Paragraph 57 of the Complaint. Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57 of the Complaint and, accordingly, denies same.

58.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 58 of the Complaint and, accordingly, denies

909620

same.

59.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 59 of the Complaint and, accordingly, denies same.

60.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 60 of the Complaint and, accordingly, denies same.

61.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 61 of the Complaint and, accordingly, denies same.

62.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 62 of the Complaint and, accordingly, denies same.

63.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 63 of the Complaint and, accordingly, denies same.

64.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 64 of the Complaint and, accordingly, denies same.

65.     Pizza Inn lacks knowledge or information sufficient to form a belief about the

909620

truth of any allegations in Paragraph 65 of the Complaint and, accordingly, denies same.

66.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 66 of the Complaint and, accordingly, denies same.

67.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 67 of the Complaint and, accordingly, denies same.

68.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 68 of the Complaint and, accordingly, denies same.

69.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 69 of the Complaint and, accordingly, denies same.

70.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 70 of the Complaint and, accordingly, denies same.

71.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 71 of the Complaint and, accordingly, denies same.

909620

72.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 72 of the Complaint and, accordingly, denies same.

73.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 73 of the Complaint and, accordingly, denies same.

74.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 74 of the Complaint and, accordingly, denies same.

75.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 75 of the Complaint and, accordingly, denies same.

76.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 76 of the Complaint and, accordingly, denies same.

77.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 77 of the Complaint and, accordingly, denies same.

78.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 78 of the Complaint and, accordingly, denies same.

909620

79.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 79 of the Complaint and, accordingly, denies same.

80.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 80 of the Complaint and, accordingly, denies same.

81.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 81 of the Complaint and, accordingly, denies same.

82.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 82 of the Complaint and, accordingly, denies same.

83.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 83 of the Complaint and, accordingly, denies same.

84.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 84 of the Complaint and, accordingly, denies same.

85.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 85 of the Complaint and, accordingly, denies same.

909620

86.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 86 of the Complaint and, accordingly, denies same.

87.     Pizza Inn denies the allegations in Paragraph 87 of the Complaint.

88.     Pizza Inn lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 88 of the Complaint and, accordingly, denies same.

89.     Pizza Inn denies the allegations in Paragraph 89 of the Complaint.

90.     Pizza Inn denies the allegations in Paragraph 90 of the Complaint.

## PRAYER FOR RELIEF

91.     Pizza Inn denies that Plaintiff is entitled to any of the relief requested in Section of the Complaint entitled "PRAYER FOR RELIEF."

## FIRST AFFIRMATIVE DEFENSE

92.      Pizza Inn does not infringe and has never infringed, either directly or indirectly, any valid or enforceable claim of the '474 Patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

93.      Each claim of the '474 Patent is invalid for failure to meet the conditions and requirements of patentability specified in 35 U.S.C. §§ 102, 103, and/or 112.

909620

### THIRD AFFIRMATIVE DEFENSE

94.     Upon information and belief; Plaintiff is barred from recovering any pre-lawsuit claim for damages for failure to comply with 35 U.S.C. § 287.

### FOURTH AFFIRMATIVE DEFENSE

95.     Plaintiff's claims for indirect infringement are barred, in whole or in part, because there is no direct infringement.

96.     Pizza Inn reserves the right to supplement with additional affirmative defenses as discovery proceeds.

### JURY DEMAND

97.     Pizza Inn demands a trial by jury on all issues triable by jury.

### EXCEPTIONAL CASE

Pizza Inn requests that the Court declare this an exceptional case under 35 U.S.C. § 285 and award Pizza Inn its attorneys' fees.

WHEREFORE Defendant Pizza Inn prays for justice in its favor and that Plaintiff's claims and requested relief all be denied and dismissed. Pizza Inn further seeks all other relief, remedies, and awards as the Court may deem appropriate, including but not limited to recovery of its attorneys' fees and costs.

909620

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Pizza Inn, Inc. ("Pizza Inn") files these Counterclaims against Plaintiff Geotag, Inc. ("Geotag").

## I.

## INTRODUCTION

Defendant/Counter-Plaintiff Pizza Inn seeks a declaratory judgment against Plaintiff/Counter-Defendant Geotag of non-infringement and invalidity of all claims of United States Patent No. 5,930,474 (the "474 Patent").

## II.

## PARTIES

1.      Defendant/Counter-Plaintiff Pizza Inn is a corporation organized and existing under the laws of the State of Missouri with its principal place of business in The Colony, Texas.


2.      Plaintiff/Counter-Defendant Geotag asserts in its Complaint that it is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Plano, Texas.

909620

## III.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. §

282. Defendant/Counter-Plaintiff Pizza Inn seeks a declaratory judgment, under 28

U.S.C. § 2201, that Pizza Inn and its products and services (including but not limited

to its website) do not infringe any of the asserted claims of the '474 Patent and/or that

the asserted claims of the '474 Patent are invalid. This Court has original and exclusive

subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338(a).


4.      Plaintiff/Counter-Defendant Geotag is subject to personal jurisdiction in this

action because it resides in this judicial district and has sufficient minimum contacts

with the State of Texas to subject it to specific personal jurisdiction through forum

contacts that are directly related to causes of action asserted by

Defendant/Counter-Plaintiff Pizza Inn in this counterclaim and by virtue of its

Complaint against Pizza Inn in this action.


5.      Venue for these counterclaims are proper in this judicial district under 28 U.S.C.

§§ 1391(b), (c), and 1400(b) because Plaintiff/Counter-Defendant Geotag resides in

this judicial district, because a substantial part of the events or omissions giving rise to

these counterclaims occurred in this judicial district, and because Plaintiff/Counter-

Defendant filed the present action in this judicial district against Pizza Inn.

909620

# IV.

## CLAIMS FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY REGARDING UNITED STATES PATENT NO. 5,930,374

6.      The '474 Patent titled "Internet Organizer for Accessing Geographically and Topically Based Information" was issued on July 29, 1999. Plaintiff/Counter-Defendant Geotag has asserted that it is the owner of the '474 Patent.

7.      An actual controversy exists between Defendant/Counter-Plaintiff Pizza Inn and Plaintiff/Counter-Defendant Geotag as to the infringement and validity of the '474 Patent. Plaintiff/Counter-Defendant Geotag has created a reasonable apprehension on the part of Defendant/Counter-Plaintiff Pizza Inn that it will continue to be subject to this ongoing infringement suit if Pizza Inn continues to use, *inter alia,* its website.

8.      Defendant/Counter-Plaintiff Pizza Inn products and services (including but not limited to its website) do not infringe any valid claim of the '474 Patent. Defendant/Counter-Plaintiff Pizza Inn seeks a declaratory judgment that none of Pizza Inn activities, including but not limited to its website, infringe any valid claims of the '474 Patent.

909620

9.       The claims of the '474 Patent are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 102 and 103, and for failure to comply with the requirements of 35 U.S.C. § 112. Accordingly, Defendant/Counter-Plaintiff Pizza Inn seeks a declaratory judgment of invalidity under §§ 102, 103, and/or 112 for all claims of the '474 Patent.

10.      Defendant/Counter-Plaintiff Pizza Inn asserts that this is an exceptional case such that the Plaintiff/Counter-Defendant Geotag should be required to pay Defendant/Counter Plaintiff Pizza Inn reasonable attorney fees and costs in accordance with 35 U.S.C. § 285.

## PRAYER

Defendant/Counter-Plaintiff Pizza Inn requests a judgment from this Court including the following:

    a.    a finding that Defendant/Counter-Plaintiff Pizza Inn has not infringed any valid claims of the '474 Patent;

    b.    a finding of invalidity for all claims of the '474 Patent;

    c.    a finding that this case is exceptional, and an order requiring Plaintiff/Counterclaim-Defendant Geotag to pay Defendant/Counter-Plaintiff Pizza Inn reasonable attorney fees in accordance with 35 U.S.C. § 285; and

    d.    an order awarding Defendant/Counter-Plaintiff Pizza Inn all such other

909620

and further relief as is available, at law or in equity, that this Court

deems just, equitable, and proper under the circumstances.

Respectfully submitted,

**MCGUIRE, CRADDOCK & STROTHER, P.C.**

Date: April 20, 2011

By: /s/ J. Thomas Scott
     J. Thomas Scott
     Attorney-in-Charge
     Texas State Bar No. 17902300
     2501 N. Harwood, Suite 1800
     Dallas, Texas 75201
     214-954-6864
     214-954-6850 (facsimile)

*Attorneys for Defendant and*
*Counter-Claimant Pizza Inn, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case will send notification of this filing to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ J. Thomas Scott
     J. Thomas Scott

909620