UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 2:10–CV–572 |
| | ) |
| STARBUCKS CORP., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**GODFATHER'S PIZZA, INC.'S MOTION TO SEVER AND TRANSFER**

Defendant Godfather's Pizza, Inc. ("GPI") moves to sever the claims asserted against it by Plaintiff GeoTag, Inc. ("GeoTag") pursuant to Fed. R. Civ. P. 21 and to transfer those claims to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1404(a).  GPI's motion is supported by the Declarations of Steven M. Roberts and Andre R. Barry.

## I. BACKGROUND

GeoTag filed this lawsuit on December 17, 2010, alleging it is the owner by assignment of United States Patent No. 5,930,474 ("the '474 patent"), and that numerous Defendants or groups of Defendants infringed the '474 patent through the operation of store locators on their respective, separate websites. Other than Defendants that are specifically alleged to be affiliates (e.g., Applebee's IP, LLC and Applebee's International, Inc. are both alleged to be responsible for alleged infringement at www.applebees.com), there is no allegation of any relationship among the Defendants.

GPI is not alleged to have designed or operated its website in conjunction with any of the other Defendants, and GPI has not in fact done so. (Roberts Decl. ¶ 11.) Instead, GPI's website was originally designed for GPI by Midland Computer, Inc. ("Midland Computer") a small company headquartered in Omaha, Nebraska, and is maintained by an offshoot of that same company, Midcompweb Inc. d/b/a Web Solutions Omaha ("Web Solutions Omaha"), which is also located in Omaha. (Id. ¶ 7.)

GeoTag's claims against GPI are directed at conduct that occurred in the District of Nebraska, where GPI was founded in 1973 and still has its corporate headquarters and over 55 employees—including all employees with knowledge concerning the functionality of the store locator on GPI's website. (Roberts Decl. ¶¶ 3–4, 9.)[1] As noted above, the companies who have designed and maintained GPI's website—Midland Computer and Web Solutions Omaha, respectively—are also located in the District of Nebraska. (Id. ¶ 7.) All of the technical documents and source code are located at GPI's corporate headquarters or at Web Solutions Omaha, and Web Solutions Omaha owns and maintains the servers that support GPI's website. (Id. ¶¶ 8, 10.)

---

[1] GPI does have eleven franchise locations in the State of Texas, out of a total of approximately 600 franchise locations. (Roberts Decl. ¶ 5.) Only one of these franchise locations is located in the Eastern District. (Id.) GPI's franchise locations are different from GPI's company-owned stores, none of which are located in the State of Texas. (Id.) GPI does not have any employees in the State of Texas. (Id. ¶ 6) More importantly, GPI's franchisees are not responsible for the maintenance or operation of the GPI website. (Id. ¶ 5.)

## II. ARGUMENT

The Court should sever GeoTag's claims against GPI and transfer venue of those claims (not this entire action) pursuant to 28 U.S.C. § 1404 to the District of Nebraska.

### A. The claims against GPI should be severed under Fed. R. Civ. P. 21.

Fed. R. Civ. P. 21 provides that "[o]n motion . . . [t]he court may [] sever any claim against a party." (brackets added). In In re EMC Corp., 677 F.3d 1351 (Fed. Cir. 2012), the Federal Circuit explained the standard to evaluate whether parties in patent-related litigation should be severed from an action under Rule 21. In EMC, the plaintiff brought related patent infringement claims against eighteen companies. Thereafter, eight of the defendants brought motions to sever and transfer the claims against them to more appropriate venues. The magistrate judge denied their motions on the grounds that the claims were "not dramatically different" and the district court adopted the magistrate's findings and conclusions. The defendants then sought and obtained a writ of mandamus, and the Federal Circuit reversed and remanded the lower court's decision, on the grounds that the Eastern District of Texas applied the wrong test under Rule 21.

In its opinion, the Federal Circuit thoroughly analyzed the standard under Rule 21, looking primarily to the guidance provided by Rule 20. Under Rule 20, for defendants to be joined in a single action "the claims against them must be asserted 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.'" EMC, 677 F.3d at 1356

(quoting Fed. R. Civ. P. 20(a)(2)(A)). While recognizing that there are many different interpretations of Rule 20's standard, the Federal Circuit rejected the district court's application of the "not dramatically different" standard in patent litigation, reasoning that such a test would inevitably be satisfied where different products or services were accused of infringing the same claims. Id. at 1359. Instead, the court held that "[c]laims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." Id.

Specifically, "[t]o be part of the 'same transaction' requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. The sameness of the accused products is not enough to establish that claims of infringement arise from the 'same transaction.' Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." Id.

GeoTag's allegations against GPI do not meet the test for joinder set forth in Rule 20. GeoTag does not allege GPI shares a website or allegedly infringing software code with any of the other defendants. In fact, GPI's website was developed specifically for GPI by Midland Computer and has been maintained by Web Solutions, both small companies in Omaha, Nebraska. Because

4

GeoTag's claims against GPI do not arise out of the "same transaction, occurrence, or series of transactions or occurrences" as GeoTag's claims against the other Defendants in this case, GeoTag's claims against GPI should be severed.

**B.     Upon severance, GeoTag's claims against GPI should be transferred to the District of Nebraska.**

Congress enacted 28 U.S.C. 1404(a) to allow "easy change of venue within a unified federal system." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981). Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Motions to transfer patent actions are decided under the law of the regional circuit in which the district court sits. In re TS Tech USA Corp., 551 F.3d 1315, 1319–22 (Fed. Cir. 2008) (mandamus granted directing transfer). As the Fifth Circuit and this Court have held, "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a forum non conveniens dismissal." In re Volkswagen of Am. Inc., 545 F.3d 304, 314 (5th Cir. 2008); Paltalk Holdings, Inc. v. Sony Computer Entertainment America, Inc., 2010 WL 3517196, at *3 (E.D. Tex. Sept. 3, 2010).

**1.     Venue is proper in the District of Nebraska.**

The first question to be addressed under § 1404(a) is whether a civil action "might have been brought" in the transferee venue. Volkswagen, 545 F.3d at 312. GPI is headquartered within the District of Nebraska and is

subject to jurisdiction there. See 28 U.S.C. § 1391(a)(1) & (3). That remains true regardless of whether the District of Nebraska has personal jurisdiction over GeoTag. Cf. In re Genentech, 566 F.3d 1338, 1346 (Fed. Cir. 2009) (holding that § 1404(a) only requires "that a transferee court have jurisdiction over the defendant," not over the plaintiff).

In contrast, GeoTag's connections to the Eastern District of Texas are weak. GeoTag first registered to do business in Texas as a foreign corporation just a few months before it filed suit against GPI. (Barry Decl. ¶ 3.) It did not register as a domestic corporation until after suit was filed. (Id. ¶ 4.) Because GeoTag evidently did both of these things for the purpose of bringing patent litigation in the Eastern District, its choice of forum should be afforded little weight. See, e.g., Greiner v. American Motor Sales Corp., 645 F. Supp. 277, 279 (E.D. Tex. 1986) ("[W]here none of the operative facts occur within the forum of plaintiff's original selection, his choice is entitled to only minimal consideration.") (citation omitted); Pinpoint, Inc. v. Groupon, Inc., 2011 WL 6097738, at *2 (N.D. Ill. Dec. 5, 2011) ("[Plaintiff's] choice of forum is entitled to little weight, though, because this district has a weak connection with the operative facts of its claims.").

    **2.    Convenience and the interests of justice favor transfer.**

In ruling on a motion to transfer under § 1404(a), the Court considers the private and public interests first outlined in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). See Volkswagen, 545 F.3d at 313–15. The private interest factors recited by the Fifth Circuit include: "(1) relative ease of access to

6

sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. at 315. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." Id.

All of the relevant private and public interest factors weigh in favor of finding that the District of Nebraska is a significantly more convenient venue for this lawsuit and that transferring this case is in the interest of justice.

### a. Access to sources of proof favors transfer.

The first private interest factor—access to sources of proof—weighs heavily in favor of transferring this case to the District of Nebraska. See Volkswagen, 545 F.3d at 316 ("[T]his Court has recently reiterated that the sources of proof requirement is a meaningful factor in the analysis."). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." Genentech, 566 F.3d at 1345 (quotation omitted); In re Link_A_Media Devices Corp., 662 F.3d 1221, 1224 (Fed Cir. 2011); accord Software Rights Archive, LLC v. Google, Inc., 2010 WL 2950351, at *2 (E.D. Tex. July 22, 2010); West Coast Trends, Inc. v. Ogio Int'l, Inc., 2011 WL 5117850, at *2 (E.D. Tex. Oct. 27,

7

2011) (noting that the place where the defendant's documents are kept weighs in favor of transfer to that location) (citation omitted). "In infringement litigation involving Internet websites courts have tended to emphasize the location where the website is maintained—otherwise the alleged tort would be too diffuse to pinpoint." Pinpoint, 2011 WL 6097738 at *2 (citation omitted).

The claims against GPI concern alleged infringement on its website. The primary sources of proof are the data, records, and source code that relate to the website, and knowledge of individuals concerning its operation. As explained above, all of this evidence is located in Omaha at GPI's headquarters and the offices of third-party Web Solutions Omaha.

Accordingly, the location of the sources of proof factor weighs strongly in favor of transferring this case to the District of Nebraska. See In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003) (reversing the district court's denial of a motion to transfer, and holding "[w]e think the Middle District Court erred in not giving significance to 'the factor regarding the location of books and records'"); Davis v. Signal Int'l, LLC, 2011 WL 2462296, at *2 (E.D. Tex. June 17, 2011) (location of corporate records at headquarters in Mobile, Alabama, weighs in favor of transfer to a closer division).

      **b.**    **The availability of compulsory process weighs in favor of transfer.**

The limits on federal subpoena power also weigh heavily in favor of transfer. Where key non-party witnesses are outside the court's subpoena power but within the subpoena power of the forum to which transfer is proposed, this factor supports transfer. See Volkswagen, 545 F.3d at 316–17.

The firms that designed and maintain GPI's website are located in Omaha, Nebraska. Third-party witnesses from those firms are outside the Court's subpoena power, as provided in Fed. R. Civ. P. 45(b)(2)(B) (providing that a district court has subpoena power over persons located outside the district if they are within 100 miles of the location of the proceeding). Conversely, these witnesses <u>are</u> within the subpoena power of the District of Nebraska. Accordingly, this factor supports transfer.

### c. Cost of attendance for willing witnesses supports transfer.

"[I]t is an 'obvious conclusion' that it is more convenient for witnesses to testify at home." Volkswagen, 545 F.3d at 317. The District of Nebraska is home to most if not all of GPI's witnesses, who reside within a short distance of the courthouse. In light of this fact, it would be unduly costly—both in terms of expense and lost productivity—for GPI to be required to fly its witnesses to Texas in order to testify at trial. See Remmers v. United States, 2009 WL 3617597, at *6 (E.D. Tex. Oct. 28, 2009) ("Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment"). This factor favors transfer, not only because a trial in Nebraska would be more convenient, see Wireless, 2012 WL 506669, at *5, but because the location of witnesses and evidence "necessarily implicate[s] the ease of conducting merits–related discovery in a location which is near the relevant witnesses and documents," Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir. 1994).

9

### d. All relevant public interest factors favor transfer to Nebraska.

The relevant public interest factors also support a transfer under § 1404(a). Because only federal, patent–related claims have been asserted in this action, there are no problems related to conflict of laws or judicial familiarity with the law. Federal, not Texas, law will govern in this case. See Rembrandt Vision Technologies, LP v. Johnson & Johnson Vision Care, Inc., 2011 WL 2937365, at *4 (E.D. Tex. July 19, 2011) (holding that "both the Middle District of Florida and the Eastern District of Texas are equally capable of applying patent law to infringement claims").

Moreover, there is a strong public interest in having allegations that call into question the work and reputation of individuals residing in a particular community decided in that community. In re Hoffman-La Roche Inc., 587 F.3d 1333, 1336 (Fed. Cir. 2009) (granting the defendant's petition for writ of mandamus and ordering transfer to the Eastern District of North Carolina). GPI's facilities have been located in Nebraska for decades, where it employs over 55 people at its corporate headquarters. The companies responsible for the design and maintenance of GPI's website are also located in the District of Nebraska. Meanwhile, the Eastern District of Texas has at best the same generalized interest in a just result as any judicial district in the United States where GPIs website may be accessed. See i2 Technologies, Inc. v. Oracle Corp., 2010 WL 3257645, at *5 (E.D. Tex. Aug. 17, 2010). The local interests in this case thus strongly favor transfer to the District of Nebraska.

**C.**    **GeoTag's suggestion that the cases could be "deemed severed" and then consolidated does not address the convenience of the parties and witnesses or the interests of justice.**

GeoTag's proposed alternative—having its allegations against GPI "deemed severed" and then consolidated with GPI's claims against other, unspecified Defendants—does not address any of the public or private interest factors discussed above, all of which weigh heavily in favor of transfer. Moreover, it is worth noting that GeoTag's proposal would impose the same burdens on GPI—"the prejudice and potential confusion of being forced to defend claims alongside unrelated parties with different products or services and possibly different strategies"—that the Federal Circuit has warned district courts to avoid. See EMC, 677 F.3d at 1359. Thus, GPI's proposal not only runs counter to the considerations governing motions to transfer in § 1404(a), it is inconsistent with the Federal Circuit's holding on the joinder and severance of claims in EMC.

### III. CONCLUSION

For the foregoing reasons, GPI respectfully requests that the Court grant its motion to sever and transfer to the District of Nebraska.

Dated: June 20, 2012

        Respectfully Submitted,

        GODFATHER'S PIZZA, INC. Defendant

        By: /s/ Andre R. Barry
            Andre R. Barry – NE Bar #22505
            CLINE WILLIAMS WRIGHT
              JOHNSON & OLDFATHER, L.L.P.
            233 South 13th Street
            1900 U.S. Bank Building
            Lincoln, NE 68508-2095
            (402) 474-6900
            (402) 474-5393 fax
            abarry@clinewilliams.com
            Attorney-in-Charge

        - and -

        By: /s/ James C. Tidwell
            James C. Tidwell – TX Bar #20020100
            WOLFE, TIDWELL & McCOY, LLP
            320 N. Travis, Suite 205
            Sherman, TX 75090
            (903) 868-1933
            (903) 892-2397 fax
            jct@wtmlaw.net
            Local Counsel

        *Attorneys for Godfather's Pizza, Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 20, 2012, the foregoing document was filed electronically in compliance with Local Rule CV–5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV–5(a)(3)(A).

/s/ Andre R. Barry
Andre R. Barry

## CERTIFICATE OF CONFERENCE

Counsel for GPI has complied with the "meet and confer" requirement of Local Rule CV–7(h). GeoTag opposes GPI's motion to transfer.

On June 19, 2012, counsel for GeoTag was contacted regarding its position on transferring claims in the above-captioned action to other forums. GeoTag informed GPI that it does not oppose severance of GPI's claims, but opposes severance without simultaneous pretrial consolidation with the other actions pending in the Eastern District of Texas.

/s/ Andre R. Barry  
Andre R. Barry

4822-0005-5823, v. 1