**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| v. | § | Case No. 2:10-CV-572-MHS-RSP |
| | § | |
| STARBUCKS CORP., ET AL. | § | |

### ORDER

The Court having considered the Defendants' Motion to Strike Insufficient Contentions, or in the Alternative, Compel Meaningful Infringement Contentions That Comply with P.R. 3-1 (Dkt. No. 495, filed November 19, 2012) finds that the motion should be **DENIED**.

### DISCUSSION

The Moving Defendants[1] argue that GeoTag's June 27, 2012 infringement contentions do not comply with P. R. 3-1. (Mot. at 20). The Moving Defendants make several specific arguments of alleged deficiencies in GeoTag's infringement contentions: that they merely mimic the claim language and state conclusory allegations (Mot. at 25); that they insufficiently identify support for specific claim limitations (Mot. at 26); that they do not address how "entries" are "dynamically replicated" limitations "in any meaningful way" (Mot. at 28); that they do not make a "specific identification" regarding a "database of information" and show that "it is organized into a 'hierarchy of geographic areas'" (Mot. at 29); that they do not identify "how the search engine searches geographically and topically" (Mot. at 31); and that GeoTag has not amended its contentions to include citations to source code (Mot. at 32-33).

---

[1] While only five Moving Defendants (Subway, ASICS, Brown Jordan, Caterpillar, and People Media) have specifically moved for relief, their brief is joined by the remaining defendants.

GeoTag responds that its contentions are properly specific for each defendant, identifying the accused portion of the website for each defendant, including relevant screenshots and text for each claim limitation (Resp. at 2). GeoTag states that, while its analysis of each limitation begins with mimicking the claim language, the analysis goes on to explain where the specific limitation is found. *Id.* GeoTag further states that it has specifically addressed alleged deficiencies where a defendant has addressed them. (Resp. at 4-5). GeoTag argues that certain deficiencies alleged by the Moving Defendant come down to differing interpretations of the claim language of the asserted patent. (Resp. at 8-9). GeoTag argues that the Moving Defendants' arguments regarding "dynamically" replicated terms ignore the detail provided by GeoTag's infringement contentions and disregard a letter from GeoTag explaining its positions. (Resp. at 10). GeoTag states that its infringement contentions do demonstrate how the accused instrumentalities have a "database of information . . . organized into a hierarchy of geographical areas." (Resp. at 11-12). Finally, GeoTag states how its infringement contentions provide evidence of how a "search engine 'select[s] one of said hierarchy of geographical areas prior to selection of a topic.'" (Resp. at 12-13).

The Court, having reviewed the Parties briefing and attachments, finds that the alleged deficiencies in GeoTag's infringement contentions do not rise to the level that mandates striking them.

## CONCLUSION

The Court hereby finds that the Defendants' Motion to Strike Insufficient Contentions, or in the Alternative, Compel Meaningful Infringement Contentions That Comply with P.R. 3-1 (Dkt. No. 495, filed November 19, 2012) should be **DENIED**.

**SIGNED this 26th day of September, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE